THE STATE OF FLORIDA *ex rel.* W. B. LAMAR, ATTORNEY GENERAL, PLAINTIFF IN ERROR VS. BENJAMIN F. DILLON, *et al.*, DEFENDANTS IN ERROR.

1.  So much of the ordinance of the city of Jacksonville, approved by the mayor July 23, 1894, and by a majority of the votes cast at an election in that city held October 9th, 1894,

entitled "an ordinance to prescribe the powers and duties and terms of office of the trustees of the waterworks and improvement bonds of the city of Jacksonville, and providing for the submission of this ordinance to the qualified electors of the city for their approval at an election," as attempts to fix the terms of office of the Trustees of the Waterworks and Improvement Bonds at nine years, is void, because in conflict with Chapter 4301, acts of 1893, which fixed the terms of all city officers at two years and until their successors were elected, but the presence of such invalid provision in the ordinance does not affect the validity of other valid portions thereof.

2. Chapter 4872, laws of 1899, does not attempt to create the Board of Trustees of the Waterworks and Improvement Bonds of the city of Jacksonville, or to fix their terms of office, or to extend the terms of office of members of the board; neither does it attempt to validate the invalid portions of the ordinance passed by the city in 1894 creating said board.

3. If a bill be read in full on its final passage, this is a compliance with section 17, Article III, Constitution of 1885, which requires that "every bill shall be read by its sections * * * on its final passage."

4. The "final passage" of a bill, within the meaning of the provisions of the Constitution of 1885 (section 17, Article III) relating to the vote on the final passage of bills being taken by yeas and nays and entered upon the journals of the Legislature, means the vote in each house which adopts the bill, after it has passed its first and second readings and after it has been read again for the purpose of being put upon its passage, and it is not required that a bill passed in one house and amended and passed in the other shall be read three times in the house originating the bill before it concurs in the amendments proposed by the other; nor is it required that the vote on the adoption of such amendments be taken by yeas and nays and entered on the journal.

Writ of Error to the Circuit Court for Duval County.

*Statement.*

On November 8th, 1899, an information in the nature of a *quo warranto* was filed by leave of court in the Circuit Court of Duval county, alleging that "William B. Lamar, Attorney-General of the State of Florida,

who sues for the said State in this behalf, comes here before the Judge of the Circuit Court of the Fourth Judicial Circuit of the State of Florida, in and for Duval county, and in behalf of said State gives the said court to understand and be informed that Benjamin F. Dillon, George R. Foster, Thomas W. Roby, Philip Walter, A. Wm. Cockrell, Jr., Leopold Furchgott, Bion H. Barnett, Alexander B. Campbell and Jacob R. Tysen, to-wit: in the municipality of Jacksonville, in Duval county, in said State, for the space of one year now last past, and upwards, having used, enjoyed, exercised and performed, and still do use, enjoy, exercise and perform without warrant or authority, in violation of the existing constitution of said State, the franchise, functions and powers of the office of the Board of Trustees of the Waterworks and Improvement Bonds of the State (city) of Jacksonville, and have actually assumed and exercised exclusive power and control over the construction, operation, supervision and repairing of the waterworks, sewers and fire department of said city, and all buildings and grounds used therefor, and over the organization and operation of the same, and have actually assumed and exercised exclusive power to employ such chiefs or heads of departments, firemen, engineers, clerks, superintendents, laborers and other persons as said board deem necessary for the execution of its duties, or supposed duties, and have actually made and entered into contracts in the carrying out and furtherance of said duties and functions, or supposed duties and functions; which said office and the franchise and functions and powers thereof, the said Benjamin F. Dillon, George R. Foster, Thomas W. Roby, Philip Walter, A. Wm. Cockrell, Jr., Leopold Furchgott, Bion H. Barnett, Alexander B. Campbell and Jacob R. Tysen during all

7

the time aforesaid, usurped, and still do usurp upon the people of said municipality and State aforesaid, to their great damage and prejudice.

And the said Attorney-General of said State who sues as aforesaid, further gives said court to understand and be informed that the said Benjamin F. Dillon, George R. Foster, Thomas W. Roby, Philip Walter, A. Wm. Cockrell, Jr., Leopold Furchgott, Bion H. Barnett, Alexander B. Campbell and Jacob R. Tysen, to-wit: in the municipality of Jacksonville, in Duval county, in said State, for the space of four months now last past, and upwards, have used, enjoyed, exercised and performed, and still do use, enjoy, exercise and perform without warrant or authority, in violation of the existing constitution of said State, the franchise, function and powers of the office of the Board of Trustees for the Waterworks and Improvement Bonds of the city of Jacksonville, and have actually assumed and exercised the exclusive power to appoint, subject to approval by the affirmative vote of two-thirds of the members of the city council, all officers of said city not elected by the electors (except officers properly belonging to the department of the Board of Public Works of said city) and all members of the police force, and have actually assumed and exercised the control and regulation of the organization, number and compensation of members of the police force and fire department of said city, and have actually assumed charge, management and control of the electric light plant of said city, and have assumed and exercised other functions, powers and duties conferred upon said office, or supposed to be conferred thereupon: which said office and franchises and functions and powers thereof, the said Benjamin F. Dillon, George R. Foster, Thomas W. Roby, Philip Walter, A.

Wm. Cockrell, Jr., Leopold Furchgott, Bion H. Barnett, Alexander B. Campbell and Jacob R. Tysen, during all the period of the time aforesaid, usurped, and still do usurp upon the people of said municipality and State aforesaid, to their great damage and prejudice.

And the said Attorney General of said State who prosecutes as aforesaid, further gives said court to understand and to be informed that the said Benjamin F. Dillon, George R. Foster, Thomas W. Roby, Philip Walter, A. Wm. Cockrell, Jr., Leopold Furchgott, Bion H. Barnett, Alexander B. Campbell and Jacob R. Tysen, to-wit: in the municipality, county and State, aforesaid, during the periods of time aforesaid, have usurped, and still do usurp said office aforesaid and the franchises and functions and powers thereof as aforesaid, claiming warrant and authority therefor, under and by virtue of an alleged ordinance of said municipality, which is in words and figures as follows, to-wit:

An Ordinance to prescribe the powers and duties and terms of office of the trustees of the Waterworks and Improvements Bonds of the city of Jacksonville and providing for the submission of this ordinance to the qualified electors of the city for their approval at an election.

Be it ordained by the mayor and city council of the city of Jacksonville:

Section 1. That the Board of Trustees of the Waterworks and Improvement Bonds of the city of Jacksonville, from and after the passage of this ordinance by the affirmative vote of not less than three-fifths of all the members of the city council and its approval by the mayor, and its subsequent approval by the affirmative vote of a majority of the votes cast by the qualified electors of the city, at an election hereinafter

provided for, in the manner hereinafter provided, shall constitute and be one of the executive boards of the city government, with the corporate authority, powers and duties as herein provided.

Sec. 2. George R. Foster, A. Wm. Cockrell, Jr., Thomas McMurray, W. B. Young, A. B. Campbell, J. R. Tysen, L. Furchgott, B. R. Powell and J. R. Campbell, and their successors in office, shall constitute said Board of Trustes of the Waterworks and Improvement Bonds of the city of Jacksonville, hereinafter mentioned and refered to as 'Bond Trustees,' and shall hold office for a term of nine years, except that the first board shall hold office as follows: George R. Foster, nine years; Thomas McMurray, eight years; W. B. Young, seven years; A. B. Campbell, six years; J. R. Tysen, five years; L. Furchgott, four years; B. R. Powell, three years; J. R. Campbell, two years, and A. Wm. Cockrell, Jr., one year, from and after the 17th day of October, A. D. 1893, and until their successors shall be elected and qualified. The city council shall at its first regular meeting in October, or as soon thereafter as practicable, in each year elect one member of said Board of Bond Trustees to fill the vacancies as they occur, and in case of vacancy other than by expiration of term, the city council shall, as soon as practicable after such vacancy occurs, fill the vacancy for the unexpired term. A majority of all the members of the city council shall be required to elect a member of said board. Said board shall have the right to make its own rules and to elect its own chairman and secretary and other officers, and to remove or change the same by a vote of a majority of said trustees at any time. All contracts and other papers necessary to be signed by said board shall be

signed by the chairman and secretary and attested by the seal of said board.

Sec. 3. Said trustees shall receive no compensation except that said board may, by resolution approved by a city ordinance, fix a compensation to be paid to its chairman or secretary or both, for services rendered in such capacity, and said board of trustees shall submit to the city council such reports and at such times as the city council may by ordinance require.

Sec. 4. Five members shall constitute a quorum for the transaction of business. The ayes and noes shall be called and entered upon a journal upon the passage of every resolution or order for the expenditure of money. Said board shall by rules provide for the holding of regular and called meetings. Members of the board shall have a right to take part in all proceedings and deliberations of the city council on all questions relating to matters under their charge, but without the right to vote.

Sec. 5. The Board of Bond Trustees shall not elect or employ or appoint or contract with the mayor or any councilman or with any of the city officials.

Sec. 6. The board shall have exclusive power to employ such chiefs or heads of departments, foremen, engineers, clerks, superintendents, laborers and other persons as it may deem necessary for the execution of its duties, and to fix their compensation, and that any of them may be discharged at any time by the Board of Bond Trustees at its discretion.

Sec. 7. The Board of Bond Trustees shall have exclusive power and control over the construction, operation, supervision and repairing of the waterworks, sewers and fire department of the city and all buildings and grounds used therefor, and over the organization

and operation of the same, with the same powers, duties and control over those subject matters as now possessed or exercised by the Board of Public Works, and all the provisions of the city charter and ordinances regulating the performances of those duties by said board shall equally apply to the performances of duties by said Board of Bond Trustees, and the city council shall have the same control over expenditures by the Bond Trustees as over the expenditures by the Board of Public Works.

Sec. 8. This ordinance shall be submitted to the qualified electors of the city for their approval at a city election to be called and held on the 9th day of October, A. D. 1894.

Sec. 9. The mayor shall cause the publication of his proclamation calling such election, and also this ordinance, immediately after his approval of this ordinance, and once each week for four weeks next preceding said election.

Sec. 10. The Police Commissioners, as commissioners of election, shall, immediately after the publication of this ordinance, make or have made, copies of the county registration books of Duval county, and lists of persons who have paid their poll taxes for the year 1892 and 1893, and prepare therefrom, and from such other information as they may be able to obtain, lists of the qualified electors of the city in each city ward, and shall correct the same daily as changes may appear from the county registration books and the lists of persons whose poll taxes are paid, and other information obtainable by them, to be necessary. All books, papers and other records so made by the Police Commissioners shall be kept open to public inspection during reasonable hours. The Police Commissioners as com-

missioners of election, shall take all practicable steps deemed by them necessary to the preparation of correct lists of the qualified voters in each city ward. Said election shall be conducted by the Board of Police Commissioners, as nearly as practicable in all respects, as provided in an act of the legislature of the State of Florida, entitled, 'And Act to fix the number and provide for the election of the municipal officers of the city of Jacksonville,' a municipal corporation existing in Duval county, Florida, and to prescribe their terms of office and regulate their compensation,' approved May 16, 1893, and all expenses necessarily incurred by the said board shall be paid as audited by the chairman of said board. Passed by the affirmative vote of more than three-fifths of all the members of the city council, July 23rd, 1894. Ordinance No. B. 189, approved July 23, 1894, published July 24th, 1894, and subsequently approved by an affirmative vote of a majority of the votes cast by the qualified electors of the city at an election held October 9th, 1894, as provided in said ordinance.

And also under and by virtue of Chapter 4872, laws of Florida, approved May 30th, 1899.

And the said Attorney-General of said State who prosecutes as aforesaid, further gives said court to understand and be informed that the said A. Wm. Cockrell, Jr., L. Furchgott, and J. R. Tysen, so named in said alleged ordinance, were each elected for the full term of nine years to succeed himself, at the expiration of their respective terms as fixed in said alleged ordinance; that Benjamin F. Dillon was elected for the unexpired term of W. B. Young, who resigned; P. E. McMurray was elected for the unexpired term of Thomas McMurray, who died, and after the death of said P. E. McMur-.

ray, to-wit: April 23rd, 1898, Philip Walter was elected for his unexpired term as his successor; that Thomas W. Roby was elected as the successor in office of J. R. Campbell, upon the expiration of his term as fixed in said alleged ordinance for the full term of nine years, and Bion H. Barnett was elected as the successor in office of B. R. Powell, upon the expiration of his term as fixed in said alleged ordinance for the full term of nine years; that all of said elections were had under and in accordance with section 2 of said alleged ordinance.

And the said Attorney-General of said State who prosecutes as aforesaid, further gives said court to understand and be informed that there is not, and does not exist, in said municipality and State aforesaid, any such office as the office of the Board of Trustees of Waterworks and Improvements Bonds of the City of Jacksonville, as aforesaid, and further gives said court to understand and be informed that the ordinance above set forth at length, purporting to create such office as aforesaid, is unconstitutional and void and of no effect, and such office does not exist, and has not existed because said alleged ordinance aforesaid violates section 7 of Article 16 of the existing constitution of the State aforesaid, in that the term of office is therein fixed or attempted to be therein and thereby fixed for a period of longer than four years; and further gives said court to understand and be informed that the said Chapter 4872, laws of Florida, so purporting to create said office aforesaid, or to enlarge the franchises, functions and powers of said office, so purporting to be created by said ordinance as aforesaid, is unconstitutional and void and of no effect in this, to-wit:

First: It seeks to confer certain enumerated duties and powers upon a 'Board of Bond Trustees' that has

no legal existence, and there are no instrumentalities with which to carry into operation and effect said powers and duties so sought to be conferred.

Second: Said act seeks to make and does make said 'Board of Bond Trustees' a self-perpetuating body.

Third: Said act creates or seeks to create an office the term of which is longer than four years.

Fourth: The bill which became said Ch. 4872 was not read by sections on its final passage in the Senate of the State of Florida, but was read in full.

Fifth: The bill which it is claimed became Ch. 4872 laws of Florida, session of 1899, was introduced in the Senate and was known as 'Senate Bill No. 237.' Said bill was declared to have passed the Senate on May 20, 1899, and as passed was transmitted to the House of Representatives, was there amended and passed as amended, and was on May 27th, 1899, returned to the Senate as having passed said House of Representatives 'with the following amendments thereto."

'Amend Section 1. Strike out in the seventh line the words: 'of the departments under its control or management.' 'Amend Section 1. In line 8, after the words 'police force' insert 'provided that officers properly belonging to the department of the Board of Public Works shall be elected by the Board of Public Works.'

'Amend Section 2. In line 1, after the word 'shall,' insert 'have charge,' management and control of the electric light plant in addition to their present powers and duties and'

'Amend Sec. 6. Strike out all of section 6, and insert the folowing, 'all laws and parts of laws in conflict herewith are hereby repealed.'

'Amend Section 2. In line 14 strike out word 'first' and substitute 'tenth.'

'Amend Section 2. Add after word 'year' at end of section, the following: 'for the quarter ending on the last of the months next preceding said months.'

And the Senate concurred in said amendments without taking a yea and nay vote thereon, and the yea and nay vote on said amendments, or on said bill with the amendments so made by the House of Representatives, does not appear upon the journal of the proceedings of the Senate and was not entered upon the same.

Whereupon the said Attorney-General prays the advice of this court in the premises, and the due process of law against the said Benjamin F. Dillon, George R. Foster, Thomas W. Roby, Philip Walter, A. Wm. Cockrell, Jr., Leopold Furchgott, Bion H. Barnett, Alexander B. Campbell and Jacob R. Tysen, in this behalf to be made, to answer to the said people of the said municipality and State by what authority or warrant they claim to use, enjoy, exercise and perform the franchises, functions and powers aforesaid."

To this information respondents demurred, and on December 16, 1899, the demurrer was sustained, the information dismissed, and respondents discharged without day, from which judgment this writ of error is taken, and the errors assigned question the propriety of this judgment.

*W. B. Lamar, Attorney-General, J. E. Hartridge and J. S. Maxwell*, for Plaintiff in Error.

*A. W. and R. S. Cockrell and Barrs & Bryan*, for Defendant in Error.

State of Florida v. Dillon.—Opinion of Court.

PER CURIAM (*After stating the facts*):

I. The third section of Article III of the charter act of the municipality of Jacksonville (Chapter 3775, laws 1887) empowered the mayor and city council to create such offices and to provide by ordinance for the appointment or election of all such officers as might be necessary for the good government of the city, not in conflict or interfering with the duties of officers and appointees in that act provided for whose compensation and terms of service were required to be fixed before their election. The mayor and city council were also empowered by said section to abolish at any time any office created by them. The charter act in terms provided for various officers and boards therein named, but the board of trustees named in the information was not created thereby nor mentioned therein. By the first section of the act of 1893, Chapter 4301, the municipal officers of the city of Jacksonville were declared to be a mayor, city council, a board of public works, a board of police commissioners, a comptroller, treasurer, recorder, judge of the municipal court, marshal and such other officers as might be provided by ordinance. The second section provided for the election by the qualified electors of the city of the mayor, comptroller, treasurer, and city council, and required the members of the board of public works, police commissioners, judge of the municipal court, recorder and all other officers of the city to be elected by the city council. It provided that all city officers should hold office for the term of two years and until their successors were elected, unless sooner removed in the manner therein provided. It fixed the terms of all officers elected by the electors as beginning at

noon of the third day after the day of election, and the terms of all officers elected by the city council as beginning at noon of the first day after the organization of each newly elected city council. The fifteenth section of this act provided that the number, powers, duties and terms of office of all the city boards and city officers, excepting only the powers and duties of the city council, might be amended and changed at any time, by an ordinance first passed by the affirmative vote of not less than three-fifths of all the members of the city council approved by the mayor or passed over his veto and subsequently approved by the affirmative vote of a majority of the votes cast by the qualified electors of the city at an election. The act did not create or mention the board of trustees of the waterworks and improvement bonds, nor is there anything in the record to show that such a board had ever been created by ordinance prior to the passage of that act. The ordinance set out in the information was passed in 1894, after the enactment of Chapter 4301, and one of the principal contentions in the case on the part of plaintiff in error is that said ordinance creates the office of the board of trustees of the waterworks and improvement bonds of the city of Jacksonville, and that it is void because it undertakes to create an office the term of which is therein fixed at nine years, in violation of section 7, Article XVI of the constitution of 1885, which provides that "the legislature shall not create any office the term of which shall be longer than four years." Under the view we take of this case, it does not become necessary for us to determine whether this clause of the constitution has any application to the creation of municipal offices. The fifteenth section of Chapter 4301, laws of 1893, authorizing the amendment and change of the numbers, powers, du-

ties and terms of office of all city officers and boards (excepting the powers and duties of the city council) extended only to such officers and boards as had been created or recognized by legislative enactment, and not to such offices as may have been created by the mayor and city council. The office of the board of trustees of the waterworks and improvement bonds had not prior to the pasage of the ordinance in question been created or recognized by any act of the legislature, nor had the mayor and city council, so far as disclosed by the record, created or attempted to create such an office. Inasmuch as the ordinance creating the board, passed in 1894, undertook to transfer to it a part of the duties assigned by statute to the board of public works, it was properly passed in the manner pointed out in the fifteenth section, but the ordinance does not pretend to amend or change the terms of office of any office of the city created or recognized by the legislature. It does, however, create the board of trustees of the waterworks and improvement bonds and undertake to fix their terms of office at nine years, but the second section of the act (Chap. 4301) definitely fixed the terms of all city officers at two years, which in our judgment embraced all the officers of the city, including those created by the mayor and city council except where the terms of office of some office created or recognized by the legislature was amended or changed in the manner pointed out in the fifteenth section, which, as we have seen, is not the case here. From what has been said, it is quite apparent that as to this particular office the legislature has neither created, nor authorized the city to create, the office in question with a term exceeding four years, so that it cannot be said that the constitutional provision insisted upon has been violated by the legislature, even if it ap-

plies to municipal offices. The attempt on the part of
the city to make the term of office nine years is in con-
flict with the statute fixing the term at two years, and
so much of the ordinance as attempts to fix the term at
nine years is void, but we do not think this renders the
entire ordinance invalid. The constitutional provision
invoked, if applicable to municipal offices, is a limitation
upon the power of the legislature, forbidding it to cre-
ate, or to authorize the municipality to create a munic-
ipal office the term of which shall be longer than four
years, but its language is not addressed to municipal-
ities, nor has the legislature addressed any such lan-
guage to the city of Jacksonville in reference to offices
to be created by the mayor and city council. That por-
tion of the ordinance fixing the term of office at nine
years is void because it is in conflict with the statute,
which fixed the term at two years, and under these cir-
cumstances the rule applied by the Supreme Court of
Indiana, in Indianapolis Brewing Co. v. Claypool, 149
Ind. 193, 48 N. E. Rep. 228, cited by plaintiff in error,
upon its construction of a constitutional provision sim-
ilar to the one we have quoted from ours, has no appli-
cation, even if it is a proper one to follow in cases like
the one there under consideration. On the contrary, we
think the rule applied by the Supreme Court of Califor-
nia in the case of People ex rel. Davidson v. Perry, 79
Cal. 105, 21 Pac. Rep. 423, is the proper one for us to
follow in the present case, and that the invalid provision
fixing the terms of office at nine years may be rejected
without affecting the validity of the other provisions of
the ordinance, the officers named in the ordinance hold-
ing for the terms fixed by statute. The act of 1895,
Chapter 4498, passed subsequent to the ordinance in
question, repeals Chapter 4301, laws of 1893, but it con-

tains a provision that nothing therein should interfere with or invalidate the municipal government of the city of Jacksonville as it then existed, the officers of which, it was declared, were to continue in office until their successors were elected and qualified under the provisions of that act, with an exception not affecting the question under consideration. It also contains provisions fixing the terms of all officers at two years, and until their successors are elected and qualified, unless removed in the manner therein provided, and designates the manner of the selection of all officers of the city, and the time when their respective terms shall begin, as did the act of 1893. This disposes of the only question argued upon this branch of the case.

II. The first and second sections of Chapter 4872, laws of 1899, read as follows: Section 1. From and after the passage and approval by the Governor of this act, the board of election commissioners of the city of Jacksonville as now existing shall be abolished. The board of bond trustees of the city of Jacksonville shall have exclusive power to appoint, subject to approval by the affirmative vote of two-thirds of the members of the city council, all officers not elected by the electors and all members of the police force; *provided*, that officers properly belonging to the department of the board of public works shall be elected by the board of public works. Three persons selected by the board of bond trustees from among the members of the said board shall be designated to perform all the duties of election commissioners in all matters relating to municipal elections. The organization, number and compensation of members of the police force and fire department shall be regulated and controlled by the board of bond trustees. The city council may, by ordinance, establish

State of Florida v. Dillon.—Opinion of Court.

general provisions and requirements, which shall be followed by the mayor in the control, suspension and removal of members of the police force, designating the causes for and grounds upon which members of the police force may, upon specific charges, be removed from office, and providing for the trial of such charges before the board of bond trustees; and after the publication of such ordinance no member of the police force who has served one year or more shall be removed from office except under and in pursuance of the provisions of such ordinance. The board of trustees of the waterworks and improvements bonds shall each year immediately after the election of a new member of said board of bond trustees reorganize said board by the election of a chairman and secretary and other officers. No person not a qualified elector of the city of Jacksonville shall be eligible to election to any office under the city government or appointment upon the police force.

Sec. 2. The board of bond trustees shall have charge, management and control of the electric light plant, in addition to their present powers and duties, and from time to time fix the compensation of all employes or officers of the departments under its control, and fix the charge for water and electricity, and shall require the payment to said board from each of the departments of the city government of the reasonable value of the water and electricity used by them, based upon the prices usually paid by municipalities for water and electricity to persons or corporations furnishing the same; and all surplus revenues accruing after the most economical management of said system shall be applied semi-annually towards the payment of interest and sinking fund on account of the waterworks and improvement bonds of the city, and an itemised statements

of the receipts and expenditures of each of said departments shall be made and published in a newspaper of general circulation on the tenth days of January, April, July and October of each year, for the quarter ending on the last day of the months next preceding said months.

The other sections of the act have no bearing upon the questions involved in this case. It is contended that this act is unconstitutional and void upon the grounds stated in the information. 1. As to the first objection of the act, it is sufficient to say that the board of bond trustees has a legal existence as has been shown in the preceding portion of this opinion, and it is not denied that if such board exists it can perform the duties and powers imposed upon them ·by the statute. 2. The argument upon the second objection is that the act confers power upon the board of bond trustees to appoint themselves as their own succesors in office subject to approval of the city council, thereby making them a self-perpetuating body. It is not alleged in the information that they have ever claimed or exercised the power to supply vacancies in their own body; neither is it denied that the power given them to appoint other officers subject to the approval of the city council is valid. In the absence of a specific allegation that the respondents are assuming the right to appoint themselves as their own successors, the court is not required to enter into an investigation as to their powers to do so, even if this be the proper remedy for testing the right to exercise such power. 3. As to the third objection, the act does not attempt to create the board of trustees of the waterworks and improvement bonds, or to fix their terms of office, or to extend their terms of office as members of said board. In the clause directing them

8

each year immediately after the election of a new member to reorganize the board, it is fair to say that the legislature did not deny the validity of the provisions of the ordinance fixing the terms at nine years, and that it is impliedly assumed in such clause that the terms of office of the members of the board would expire in accordance with the provisions of the ordinance. That provision might be eliminated without affecting the other provisions of the act, but we do not pass upon its validity, as we feel sure that clause was never intended to validate any invalid portion of the ordinance or to extend the terms of office of the members of the board, or to fix any terms for them, but merely to require the reorganization of the board immediately after the election of a new member thereof. 4th. As to the fourth ground, it is difficult to see how the bill could have been read in full on its final passage without at the same time being read by sections. We think this objection without merit. State *ex rel.* Turner v. Hocker, 36 Fla. 358, 18 South. Rep. 767. 5th. Sections 14 and 17, Article III, constitution of 1885, read as follows: "Sec. 14. Any bill may originate in either house of the legislature, and after being passed in one house, may be amended in the other." "Sec. 17. Every bill shall be read by its title on its first reading in either house, unless one-third of the members present desire it read by sections. Every bill shall be read on three several days unless two-thirds of the members present when such bill may be pending shall deem it expedient to dispense with this rule. Every bill shall be read by its sections on its second reading and on its final passage, unless on its second reading two-third of the members present in the house where such bill may be pending shall deem it expedient to dispense with this rule. The vote on the final

State of Florida v. Dillon.—Opinion of Court.

passage of every bill or joint resolution shall be taken by yeas and nays and to be entered on the journal of each house; *provided*, that any general revision of the entire laws embodied in any bill shall not be required to be read by sections upon its final passage and its reading may be wholly dispensed with by a two-third vote. A majority of members present in each house shall be necessary to pass every bill or joint resolution, all bills or joint resolutions so passed shall be signed by the presiding officer of the respective houses, and by the secretary of the Senate and the clerk of the House of Representatives." There are differences of opinion among the courts as to what constitutes the "final passage" of a bill, within the meaning of constitutional provisions relating to the vote on the final passage of bills being taken by yeas and nays and entered upon the journals of the legislature. Cases have been cited to us holding that the "final passage" meant is the vote in each house which adopts the bill as it is afterwards enrolled and presented to the Governor for his signature. The provision which we have quoted from our constitution speaks of the first and second reading and final passage of the bill, and it seems to us from the connection in which they are used that the words "final passage" in our constitution can legitimately refer to nothing else than the vote in each house which adopts the bill after it has passed its first and second readings, and after it has been read again for the purpose of being put upon its passage. No doubt after passing one house it may be very materially amended in the other and there passed as amended. The constitution expressly recognizes this fact and authorizes it to be done, but it does not require such bill as amended to be read three times in the house originating the bill before concurring in the

amendments proposed by the other (State *ex rel.* Turner v. Hocker, 36 Fla., 358, 18 South. Rep. 767), nor does it require the vote on the adoption of the amendments to be taken by yeas and nays and entered on the journal. The clause quoted was framed in view of parliamentary practice as is evident from the use of the terms first and second readings and final passage, and its object was to regulate the number of readings to which the bill should be subjected in each house and to require the vote to be taken by yeas and nays and entered upon the journals upon the passage of the bill after such readings. Such has been the legislative construction of the provision in question for many years and we are satisfied that construction is correct. This disposes of all the material questions presented, and results in the affirmance of the judgment.

The judgment is affirmed.