WILLIAM C. WEST, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CONSTITUTIONAL LAW—TITLE OF ACT—JOURNALS OF LEGISLATURE AS EVIDENCE OF ENACTMENT OF LAW. —AMENDMENTS TO CONSTITUTION—ENTRY OF ON JOURNALS.

1. Where the title of an act restrictively expresses its subject, and the subject dealt with in the body of such act is correspondingly restricted, such title is constitutionally sufficient.

2. An entry in legislative journals showing the tabling of a legislator's motion proposing to strike from a pending bill certain given words, is no evidence to the courts on a question of the constitutional enactment of such bill into

law, that the words proposed to be stricken by such tabled motion were or were not in fact contained in such bill at or before its enactment into law.

3. There is nothing in the constitution of Florida that mandatorily requires the journals expressly to show the adoption of amendments to bills. The silence of legislative journals upon any step in the enactment of a law is not affirmative evidence to the courts that such step was or was not taken, except in those particular respects wherein the constitution mandatorily requires such journals expressly to show the action taken; such, for example, as the entry of the ayes and noes upon the final passage of a bill.

4. In changes of the constitution the popular voice is the paramount act. Where a proposed amendment to the constitution receives the affirmative votes of the required three-fifths of all the members elected to each house of the lgislature, and such proposed amendment is published and submitted to the vote of the people as required, and at the election is approved and adopted by a majority of the votes of the people cast thereon, it becomes a valid part of the organic law, notwithstanding the fact that the legislature may have failed to have such proposed amendment entered at length upon the journals of the two respective houses.

This case was decided by Division B.

Writ of Error to the Circuit Court for Duval County.

STATEMENT.

At the session of the Florida Legislature of 1905, the following statute was enacted:

"An Act to Prohibit Certain Games and Sports on Sunday.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1. That whoever engages on Sunday in any game or sport, such as baseball, football, or bowling as

played in bowling alleys, or horse racing, whether as player, manager, director or otherwise, shall be deemed guilty of a misdemeanor and shall be punished by a fine not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding three months, or by both such fine and imprisonment.

Section 2. That all laws and parts of laws in conflict with the provisions of this act be and the same are hereby repealed.

Section 3. That this act shall take effect immediately upon its passage and approval by the Governor."

According to the endorsements on the official act on file in the Secretary of State's office it passed the House of Representatives on May 10th, 1905, and the Senate on June 1st, 1905, and was approved by the Governor on June 5th, 1905.

Under this statute the plaintiff in error was prosecuted in the Criminal Court of Record of Duval county upon the following information filed by the County Solicitor: "In the name and by the authority of the State of Florida: W. J. Bryan, County Solicitor for the county of Duval, prosecuting for the State of Florida in said county under oath information makes that William C. West of the county of Duval and State of Florida, on Sunday the 11th day of June, in the year of our Lord one thousand nine hundred and five in the county and State aforesaid, did unlawfully engage in a game of baseball as manager thereof, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

Before pleading the defendant moved to quash the information upon the following grounds: "1st. The matters and things charged in said information do not charge any violation of any law of Florida.

2nd. The matters and things charged in said information do not constitute any violation of any penal law of Florida.

3rd. The act under which the information is filed is null and void because the act as approved by the Governor is not the same act which passed the two houses of the Legislature.

4th. The said act as approved by the Governor differs materially from the act as passed by the Legislature.

5th. The said act as passed by the House of Representatives contained the words: "This bill shall not go into effect until July 1st, 1906," and said words are not in the bill as approved by the Governor.

6th. The said act as approved by the Governor differs from the bill as passed by the House of Representatives in this, that the said act as passed by the House of Representatives contained the words: "Bowling alleys," after the word "foot-ball," while the act as approved by the Governor has the words "or bowling as played in bowling alleys."

7th. That the said act as passed by the Senate did not contain the words "This bill shall not go into effect until July 1st, 1906," but did have these words in it as it passed the House of Representatives.

8th. That the said act as passed by the House of Representatives had the words "bowling alleys" inserted after the words "foot-ball," while the act as it passed the Senate has immediately following the word "foot-ball" the words "or bowling as played in bowling alleys."

9th. That said act violates Section 16 of Article III of the Constitution of Florida."

The Criminal Court of Record denied this motion, and the defendant then interposed the following plea: "Now comes the defendant in the above stated case in person

and attended by his counsel and confesses in open court that he has committed the acts charged in the information filed herein, and that, if said acts constitute any violation of the penal laws of Florida, he is guilty as charged therein." Whereupon the court imposed a fine of twenty-five dollars, and in default of the payment thereof, that the defendant be confined at hard labor in the county jail for a period of thirty days.

Thereupon the defendant filed his petition in the Circuit Court of Duval county for a writ of *habeas corpus* in which he recites and exhibits the above detailed proceedings in the Criminal Court of Record for Duval county, and that he is illegally restrained of his liberty in the county of Duval by the sheriff of said county who claims the right to imprison him by virtue of the said judgment of said Criminal Court of Record. Said petition alleges further that the said judgment is null and void for the reason that the matters and things charged in said information do not charge anything which constitutes a violation of any law of Florida.

2nd. That the matters and things charged in said information do not constitute any violation of any penal law of Florida.

3rd. The act under which the information is filed is null and void, because the act as approved by the Governor is not the same act which passed the two houses of the Legislature.

4th. The said act as approved by the Governor differs materially from the act passed by the Legislature.

5th. That said act violates Section 16 of Article III of the Constitution of Florida.

6th. That said act violates sections one and six of the Declaration of Rights of the State of Florida. That there being no valid law upon which to base the said in-

formation, the said court had no jurisdiction to render the said judgment against your petitioner, &c.

Writ of habeas corpus issued as prayed. To this writ the Sheriff made return that he held the defendant under and by virtue of a judgment of the Criminal Court of Record in and for Duval county, rendered at the June term thereof.

Upon the hearing on said writ of *habeas corpus* the Circuit Judge rendered judgment remanding the petitioner to the custody of the Sheriff to serve the sentence imposed upon him by the said Criminal Court of Record. From this judgment the defendant seeks relief here by writ of error.

*Wm. B. Young* and *Gibbons & Maxwell*, for Plaintiff in Error.

*W. J. Bryan,* County Solicitor, and *W. H. Ellis,* Attorney-General, for the State.

TAYLOR, J., *(after stating the facts.)* The only error assigned is that, the court erred in making his order of July 10th, 1905, remanding said petitioner to the custody of the Sheriff of Duval county, Florida.

It is contended here that the act assailed is unconstitutional because it violates Section 16 of Article III of the Constitution, which is as follows: "Each law enacted in the legislature shall embarce but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case the act as revised, or section as amended, shall be reenacted and published at length."

The contention is that the title of the act is restrictive and misleading. That its title "An Act to Prohibit Certain Games and Sports on Sunday," restricts its provisions to *certain* games and sports, while the body of the act prohibits *any* game or sport. There is no merit in this contention. The title of the act is restrictive in a certain sense, but the body of the act is correspondingly restrictive. While the body of the act uses the broad comprehensive expression "any game or sport," yet this general comprehensive language is qualified, particularlized and restricted by the further language "such as base ball, foot ball or bowling, as played in bowling alleys, or horse racing." We apprehend that no game or sport is prohibited by the act except those expressly named therein, and, *possibly*, games or sports of closely kindred character to those expressly named.

It is next contended that the act is unconstitutional and void because as passed by the Legislature it contained the words: "This bill shall not go into effect until July 1st, 1906," whereas the bill as approved by the Governor does not contain these words, but on the contrary contains a provision that the act shall take effect immediately upon its passage and approval by the Governor. The only semblance of evidence to sustain the asserted fact that the bill as passed by the Legislature contained the words last above quoted are the following entries in the printed journals of the House of Representatives of its proceedings when the bill was on its third reading: "Mr. Melton of Duval offered the following amendment to House bill No. 242: Strike out the words 'This bill shall not go into effect until July 1, 1906.' Mr. Melton moved the adoption of the amendment. Mr. Dorman moved to lay the amendment on the table. Which was agreed to." Then follows in the journal the offer of another amend-

ment, and the tabling thereof, and immediately following this is the entry putting the bill upon its final passage and the record of the names of those voting yea and nay. If the presumption was indulged that all of the members of a legislative body at all times strictly observed the rules of parliamentary accuracy, these journal entries might furnish some slight indirect evidence that the words proposed to be stricken by Mr. Melton's proffered amendment were contained in the bill, but, unfortunately for the presumption, all of the members of a legislative body are not at all times strictly accurate in their observance of parliamentary rules and practice, and in their effort to defeat or obstruct the passage of a measure the opponents thereof frequently offer inconsistent, irrelevant, repugnant, and sometimes ridiculous amendments. A short way of getting rid of such efforts, though not perhaps according to strict parliamentary rules, is to lay such proffered amendments on the table, as was done in this case; and the very reason for the prompt success of the motion to lay Mr. Melton's offer of amendment on the table may have been the fact that no such words as those proposed by his amendment to be stricken therefrom were contained in the bill. But again, there is nothing in the Constitution that mandatorily requires the journals *expressly to show the adoption of amendments* to bills, and there may have been a reconsideration and subsequent adoption of Mr. Melton's proffered amendment, which did not, in the confusion sometimes attendant upon legislative procedure, find expression upon the journals. We have practically held in the case of State *ex rel.* Turner v. Hocker, 36 Fla. 358, 18 South. Rep. 767, that the *silence* of legislative journals upon any step in the enactment of a law is not affirmative evidence to the courts

11 S. C.

that such step was or was not taken, except in those particular respects wherein the Constitution mandatorily requires such journals expressly to show the action taken; such, for example, as the entry of the ayes and noes upon the final passage of a bill. The failure of the journals to show expressly that such amendment as the one offered by Mr. Melton was adopted is no affirmative evidence to the courts that such an amendment was not in fact adopted; and the express showing by the journals that such an amendment was at one time rejected, is not affirmative evidence to the courts that such amendment was not subsequently adopted without any mention in the journals of such subsequent adoption.

The next contention is that certain other words in respect to bowling alleys are found in the bill as approved by the Governor that were not in the bill as it passed the Legislature, and partial entries in the journals and the *silence* of the journals is again relied upon to establish the facts of the contention. What is said above in reference to the Melton amendment disposes also of this contention.

It is next contended that the act is unconstitutional and void because the journals show affirmatively that the bill was not *read by sections on three several days* in each house as is provided for in Section 17 of Article III of the Constitution as it was originally adopted in 1885. There is no claim that the bill was not read in compliance with the amendment to said Section 17 of Article III of the Constitution proposed by the Legislature at its session in 1895 and subsequently at the general election held in 1896 duly approved and adopted by the vote of a majority of the electors of the State; but it is contended that this alleged amendment to said Section 17 of Article

III of the Constitution is inoperative, unconstitutional and void for the reason that the Legislature of 1895 in adopting the joint resolution proposing such amendment to the Constitution did not enter the proposed amendment upon the journals of the respective houses with the yeas and nays, as provided by Section 1 of Article XVII of the Constitution of 1885.

The great weight of authority is opposed to the soundness of this contention, and we agree with the Kansas and other courts in the doctrine there anounced that in constitutional changes the popular voice is the *paramount* act. That where a proposed amendment to the Constitution receives the affirmative votes of three-fifths of all the members elected to each house, and such proposed amendment is published and submitted to the vote of the people as required, and at the election is approved and adopted by a majority of the votes of the people cast thereon, that then it becomes a valid part of the organic law notwithstanding the fact that the Legislature may have failed to have such proposed amendment entered at length upon the journals of the two respective houses. Constitutional Prohibitory Amendment, 24 Kan. 700; Worman v. Hagan, 78 Md. 152, 27 Atl. Rep. 616; Nesbit v. People, 19 Colo. 441, 36 Pac. Rep. 221; Oakland Paving Co. v. Tompkins, 72 Cal. 5, 12 Pac. Rep. 801, S. C. 1 Am. St. Rep. 1; State *ex rel* Adams v. Herried, 10 S. Dak. 109, 72 N. W. Rep. 93. Some of the above cases hold that the *entry* of the proposed amendment in the journals as contemplated by the Constitution, is fully satisfied by an express accurate reference in the journals to the identifying title of the joint resolution proposing the amendment.

Finding no error in the judgment of the Circuit Court

the said judgment is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.