STATE OF FLORIDA, *Appellant,* v. CITY OF PALMETTO, a Municipal Corporation, *Appellee.*

Division A.

Opinion filed February 27, 1930.

*Dewey A. Dye,* for Appellant;

*J. Ben Fuqua,* for Appellee.

ELLIS, J.—The City of Palmetto has bonds outstanding in the sum of $866,000. which were issued to ''finance the cost of local improvements which had in whole or part

been assessed against benefitted property.'' Interest accruing upon those bonds to September 1, 1929, amounts to $18,737.50 and that portion of the principal indebtedness maturing from September 1, 1929, to October 1, 1931, amounts to $271,000. Making a total of principal and interest maturing on those dates of $289,737.50.

The City Council resolved to refund that indebtedness by issuing refunding bonds in the amount of $300,000. to be dated September 1, 1929, in one thousand dollars each, bearing six per centum per annum interest payable. semi-annually. The length of time the bonds are to run is not stated. The total bonded indebtedness of the city is $1,-157,000 of which the special assessment bonds for local improvements, amounting to $866,000., constitute part.

The action of the City Council in resolving to issue the refunding bonds was taken under authority of Chapters 14297 and 14299, Acts of 1929.

A petition was filed in the Circuit Court for Manatee County in August, 1929, for the validation of the refunding bonds. The proceeding was taken under the provisions of Chapter 6868, Laws of 1915, and amendments thereto.

The State Attorney, in behalf of the State, interposed a demurrer to the petition upon the ground that Chapter 14297, Laws of 1929, otherwise known as Senate Bill 237, did not pass the legislature in the manner required by the Constitution; that the journal of the Senate of 1929 shows in part the legislative history of the bill and the journal ''fails to show that on the second reading of said bill that said bill was read by its sections or that two-thirds of the members present deemed it expedient to and did dispense with this rule or requirement as required by Section 17 of Article 3, Laws of Florida.''

The demurrer was overruled and upon answer filed by the State Attorney, in which the proceedings of the City

Council were not attacked in any particular, the Judge made a final decree validating the proposed bond issue.

The State took an appeal and assigned as error the over-ruling of the demurrer.

Section 17 of Article III of the Constitution of 1885 is as follows:

"Every bill shall be read by its title, on its first reading in either House, unless one-third of the members present desire it read by sections. Every bill shall be read on three several days, unless two-thirds of the members present when such bill may be pending shall deem it expedient to dispense with this rule. Every bill shall be read by its sections on its second reading and on its final passage, unless on its second reading two-thirds of the members present in the House where such bill may be pending shall deem it expedient to dispense with this rule. The vote on the final passage of every bill or joint resolution shall be taken by yeas and nays, to be entered on the journal of each House; Provided, that any general revision of the entire laws embodied in any bill shall not be required to be read by sections upon its final passage, and its reading may be wholly dispensed with by a two-thirds vote. A majority of the members present in each House shall be necessary to pass every bill or joint resolution. All bills or joint resolutions so passed shall be signed by the presiding officer of the respective Houses and by the secretary of the Senate and the clerk of the House of Representatives."

Page 192 of the senate journal shows the following entry:

"A bill to be entitled An Act to authorize the City of Palmetto to issue refunding bonds and to provide for their payment.

"Was taken up in its order and read the second time by its title only.

"Senator Whitaker moved that the rules be waived and that Senate Bill No. 237 be read a third time in full and put upon its passage.

"Which was agreed to by a two-thirds vote.

"And Senate Bill No. 237 was read a third time in full.

"Upon call of the roll on the passage of the bill the vote was: yeas—20. Nays—none. Which was entered on the journal."

It is contended that the constitutional requirement that "every bill shall be read by its sections on its second reading and on its final passage" is mandatory "unless on its second reading two-thirds of the members present in the house where such bill may be pending shall deem it expedient to dispense with this rule." Also that the journal entry above quoted affirmatively shows that the bill was taken up in its order and read the second time by its title only. These two propositions may be granted as well founded but does it follow therefrom that "two-thirds of the members present in the house" where the bill was pending did not "deem it expedient to dispense with" the rule that the bill should be read by its sections on second reading? It is argued that as the journal entry affirmatively shows that the rules were waived and the bill was read a third time in full and put upon its passage, that the inference is conclusive that two-thirds of the members present did not deem it expedient to waive the reading of the bill by its sections on second reading.

The Constitution requires each house of the Legislature

to keep a journal of its own proceedings on which the record of certain actions or proceedings is required to be entered, while other proceedings equally binding upon the Legislature are not required by the Constitution to be entered on the journal.

As said in the case of Stockton v. Powell, 29 Fla. 1, 10 So. R. 688, 15 L. R. A. 42, "this feature of the fundamental law is as binding upon the conscience of those intrusted with the legislative functions of the government as is any other part of the Constitution, but this truth is by no means conclusive that power has been given the judiciary to sit in judgment upon the performance of the duty imposed upon a co-ordinate branch of the government. No such power has been given to the judiciary."

The Legislature may initiate and finally pass a bill in one legislative day. Rushton v. State, 58 Fla. 94, 50 So. R. 486.

The Court will examine the journals of the Legislature to ascertain whether the Legislature has failed to observe any mandatory requirement in enacting legislation and whenever the journal affirmatively shows in one case that proceedings the entry of which are not required to be entered on the journal but required to be observed were not observed the Act will be held to have been passed in violation of the constitutional mandates and in other cases where the juornal fails to show an entry required to be made on the journal the same result will be reached.

The rule several times announced by this Court is: Where the journals are silent the presumption is in favor of the regularity of the bill except in cases where the Constitution requires the journal to show the action taken. See State v. Green, 36 Fla. 154, 18 So. R. 334; State v. Hocker, 36 Fla. 258, 18 So. R. 767; West v. State, 50 Fla. 154, 39 So. R. 412.

The framers of the Constitution must have had that proposition in mind by requiring that every bill should be read on three several days and providing that the rule could be waived, however, by a two-thirds vote of the members present but did not require that such action should be entered on the journal, while meticulously requiring the entry on the journal of the yea and nay vote on the final passage of the bill.

But if the journals of a house of the Legislature furnish conclusive evidence that a bill was not passed in a constitutional manner it is not a law. Amos v. Mosley, 74 Fla. 555, 77 So. R. 619.

In Horton v. Kyle, 81 Fla. 274,. 88 So. R. 757, the Court did not depart from the doctrine announced in Stockton v. Powell, *supra,* but merely held that where the presumption of regularity in the passage of an act by the legislature leads to a conclusion that cannot be true in fact the presumption is not availing.

In the West case, *supra,* the Court, speaking through Mr. Justice TAYLOR, said: ''We have practically held in the case of State ex rel. Turner v. Hocker, 36 Fla. 358, 18 So. R. 767, that the *silence* of legislative journals upon any step in the enactment of a law is not affirmative evidence to the courts that such step was or. was not taken, except in those particular respects wherein the Constitution mandatorily requires such journals expressly to show the action taken.''

The journal entries as quoted in this opinion relating to the passage of Senate Bill 237 do not affirmatively show that two-thirds of the members of the Senate did *not* deem it expedient to waive the rule requiring the reading of the bill by sections on second reading, nor do such entries conclusively establish such failure of two-thirds of the members to waive the rule, nor does the presumption that the

Constitutional requirement was observed lead to a conclusion which we know could not be true.

In this view of the case the chancellor committed no error in overruling the demurrer.

The decree appealed from is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.