J. C. DAVIS v. CITY OF MELBOURNE; G. H. McNULTY, as Mayor of said City, *et al.*

170 So. 836.

Opinion Filed November 21, 1936.

*A. T. Rossetter,* for Appellant;
*W. G. Vaughn,* for Appellees.

DAVIS, J.—Chapters 17118 and 17119, Laws of Florida, Acts of 1935, provide that municipalities in this State may construct, maintain and operate municipal hospitals and that mortgage revenue certificates or debentures may be issued by such municipalities in order to secure funds to institute and establish the same in operation with an obligation on the net revenue earnings of said hospitals pledged as payment.

On October 7, 1936, the appellant, as a citizen and taxpayer of the City of Melbourne, filed his bill of complaint in the Brevard County Circuit Court praying for an injunction restraining the issuance by the City of Melbourne, and its officers, of hospital revenue certificate debentures under said Chapters 17118 and 17119, *supra,* to finance the construction of a hospital in said city.

It is admitted in the bill of complaint that the $30,000.00 in debentures maturing serially from 1937 to 1957, inclusive, are to be payable solely from a sinking fund into which there shall be paid each month from the revenues and income derived from the operation of said hospital, less operating expenses attributable to pay patients, exclusive of such sums as the City of Melbourne from time to time shall contribute for charity patients, necessary provision for operation and maintenance to be set aside out of gross revenues. It is further admitted that on September 15, 1936, pursuant to a special city election duly called and held, that a majority of the freeholder electors voting in said election in which a majority of the freeholder electors participated, as provided in amended Section 6 of Article IX of the Con-

stitution, duly approved and ratified the proposal for the issuance of said $30,000.00 hospital revenue debentures, as so limited and qualified in obligation by the authorizing resolution.

So the principal contention between the parties is the allegation of the bill that Chapters 17118 and 17119, *supra,* violate amended Section 6 of Article IX and Sections 1, 16 and 17 of Article III of the Constitution, and also that, even if said Chapters 17118 and 17119, *supra,* are valid, the ordinances passed by 'the City of Melbourne pursuant thereto are not in compliance with said Acts, the ordinances attacked being exhibited as parts of the complainant's bill of complaint.

On motion to dismiss the bill of complaint, the Chancellor sustained the validity of the legislative Acts and of the proceedings had by the City of Melbourne thereunder, so the cause comes to this Court on appeal from the final decree dismissing the appellant's suit.

Assuming that the provisions of Chapter 17118, Acts of 1935, are insufficient to sustain the issuance of the revenue certificates here proposed, absent a vote by the freeholder electors approving same in accordance with Amended Section 6 of Article IX of the Constitution, the fact remains that the City of Melbourne, acting under sufficient legislative authority otherwise conferred, has duly called and held a freeholders' election in full accordance with amended Section 6 of Article IX and that at such freeholders' election, the proposed debentures have been duly approved by a majority of the votes.cast. Therefore objections to the Act, or to proceedings had under the Act, on the ground that same are violative of Amended Section 6 of Article IX of

the Constitution, are not well taken. See: State v. Town of River Junction, 125 Fla. 267, 169 Sou. Rep. 676.

Nor is the objection that Chapter 17118, *supra,* is violative of Section 16 or 17 of Article III of the Constitution as contended. The Act embraces but one subject and matter properly connected therewith. See: State v. Bryan, 50 Fla. 293, 39 Sou. Rep. 929. The subject is briefly, but with certainty, expressed in the title. Gray v. Central Fla. Lbr. Co., 104 Fla. 446, 140 Sou. Rep. 320. Nor is the method of handling and considering the bill in the House of Representatives, or in the Senate, shown in any respect to have been violative of the requirements of Section 17 of said Article III, when considered in the light of the following cases on the subject: State v. City of Palmetto, 99 Fla. 401, 126 Sou. Rep. 781; Potter v. Lainhart, 44 Fla. 647, 33 Sou. Rep. 251; State v. Dillon, 42 Fla. 95, 28 Sou. Rep. 781; Jinkins v. Entzminger, 102 Fla. 167, 135 Sou. Rep. 785. The Act is not shown to violate Section 1 of Article III as amounting to an unconstitutional delegation of legislative power in the instance complained of with reference to the proviso in Section 3 of said Chapter 17118. See: Carpenter v. City of Cincinnati, 92 Ohio St. 473, 111 N. E. 153.

The revenue provisions of the ordinance as to payment of revenues into a sinking fund to be known as "Hospital Revenue Fund" after deduction of provisions for operating costs, are not shown to be violative of Subsection (c) of Section 5 of. Chapter 17118, authorizing the setting aside of revenues in the sinking fund after all operating costs have been paid. Nor is it legally objectionable that funds appropriated by the City of Melbourne for charity patients are omitted from the requirements of being paid into the sinking fund in accordance with Subsection (c) of Section 5 of Chapter 17118. And even if it were, it is an objection

of which taxpayers have not standing to complain since it is in their favor.

The Acts (Chapter 17118 and 17119) authorize the issuance of revenue certificates without the attendant mortgage or franchise security specified in the Act, which is not mandatory where the authorities decide to proceed absent such feature of the funding security, even where the certificates have been submitted to vote of the freeholder electors under amended Section 6 of Article IX. See: Hygema v. City of Sebring, 124 Fla. 683, 169 Sou. Rep. 366.

It is next contended that Chapter 17118, *supra*, only authorized term obligations, whereas the debentures in question are payable serially. There is no express provision in the Act to support such a contention, nor do we sustain the supposed existence of such a requirement as a matter of necessary implication.

The objection that no notice was published of the preliminary ordinance proposing the construction of the hospital and the issuance of revenue debentures, is met by the answer that, in the absence of such a requirement of notice laid down in the statute (of which there is none) no such publication of notice is essential, the proposition being one entirely for statutory regulation in the premises.

For the same reason the notice, as published, of the adoption of the ordinance authorizing the issuance of the proposed revenue debentures was sufficient to comply with Subsection (d) of Section 5 of Chapter 17118, *supra*, because there is no requirement in the Act, expressed or implied, that such notice must show the date of the first publication of same, or designate a time within which a petition for the statutory referendum could be filed.

Other objections of minor character, and peculiar to this particular case, have been considered, but on examination

have been found not well taken. They are accordingly not sustained and the Circuit Court must be held to have committed no error in overruling them.

The decree appealed from is affirmed.

WHITFIELD, C. J.., and ELLIS, TERRELL and BROWN, J. J., concur.