**HONORABLE W. J. REVELS, as Sheriff of Putnam County, Florida, v. CLAUDE DeGOYLER.**

33 So. (2nd) 719                                           June Term, 1947
January 6, 1948                                            En Banc
Rehearing denied February 24, 1948

*Julian C. Calhoun, Earl D. Farr* and *Mabry, Reaves, Carlton, Anderson, Fields & Ward,* for appellants.

*Walton & Walton* and *Dowda & Millican,* for appellee.

ADAMS, J.:

This is an appeal from an order discharging the petitioner in habeas corpus. Petitioner stood charged with unlawfully taking fish from the waters of the St. Johns River, north of Volusia Bar, in Putnam County in violation of Rule No. 9 as promulgated by the Game and Fresh Water Fish Commission.

The lower court was of the opinion that the Constitutional Amendment, Article IV, Section 30, was never lawfully proposed by the Legislature and that the affirmative vote by the electorate in 1942 was a nullity. Therefore, without considering any other questions, an order was entered discharging the prisoner.

We will only consider the one question of whether the Joint Resolution was passed by the requisite three-fifths' vote of the House and Senate as provided by Article XVII, Section 1, Florida Constitution.

The Senate Journal of 1941 shows that Senate Joint Resolution No. 28 was introduced to create a Game and Fresh Water Commission. Paragraph 4 reads:

"The Commission shall have the power to acquire by purchase, gift, eminent domain, or otherwise, all property necessary, useful or convenient for the use of the Commission, or for the exercise of any of its powers hereunder, and in the event the right of eminent domain is exercised, it shall be exercised in the same manner as now or hereafter may be provided for the exercise of eminent domain by the State Road Department."

After the second reading a committee substitute was offered wherein Paragraph 4 was changed to read:

" . . . The Commission shall also have the power to acquire by purchase, gift, or otherwise, all property necessary, useful, or convenient, for the use of the Commission in the exercise of its powers hereunder."

Upon the third reading, by unanimous consent, the above quoted phrase "or otherwise" was stricken on motion by Senator Whitaker. The Resolution as amended passed by more than a three-fifths' vote of the Senate and was referred to the Committee on Engrossed Bills.

It was then certified to the House of Representatives, however the deleted words "or otherwise" remained. It was passed by the House retaining the words "or otherwise" and was returned to the Senate. In other words, the Resolution, as passed by the Senate, provided for the Board to acquire property by gift, purchase, "or otherwise." It was duly published and submitted to the electorate at the general election

in 1942, as passed by the Senate, and received the approval of the voters thereby becoming a part of our Constitution.

Counsel has, in no way, pointed out wherein the omission or inclusion of the phrase "or otherwise" is a defect of substance. The variation is so slight in degree and devoid of meaning that it was cured by the ratification in 1942. See West v. State, 50 Fla. 154, 39 So. 412; Collier v. Gray, 116 Fla. 845, 157 So. 40; State ex rel. Landis v. Thompson, 120 Fla. 860, 163 So. 270; Sylvester v. Tindall, 154 Fla. 663, 18 So. 2nd 892.

All other questions presented by the petitioner are settled adversely to him by our opinion, Beck et al. v. Gene and Fresh Water Fish Commission, this day filed.

The judgment is reversed with directions to remand the petitioner.

TERRELL, Acting Chief Justice, BUFORD, SEBRING and BARNS, JJ., concur.

THOMAS, C. J., and CHAPMAN, J., not participating.