SＭＥＥＴＷＡＴＥＲ VＡＬＬＥＹ MＥＭＯＲＩＡＬ PＡＲＫ, IＮＣ.

*v.*

CＩＴＹ ＯＦ SＷＥＥＴＷＡＴＥＲ

372 S.W.2d 168.

(*Knoxville,* September Term, 1963.)

Opinion filed November 6, 1963.

HARRY T. BURN, Rockwood, for appellant.

WILLIAM E. HOWE, City and County Attorney, Sweetwater, for appellee.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This bill was filed to enjoin the closing of the northeast end of Anderson Street in the City of Sweetwater. When the bill was filed, the ordinance closing this part of the street had been passed on two readings. No notice of the pendency of the ordinance was given. Prior to the third and final reading, a temporary injunction was granted enjoining the city from passing the ordinance in question or otherwise vacating this part of the street.

The defendant city moved that the injunction be dissolved on bill and answer, and, from the action of the Chancellor dissolving the injunction and dismissing the bill, the complainant has appealed in error to this Court.

The complainant was organized in 1950 for the purpose of establishing and developing a cemetery in the City of Sweetwater; and, in this connection, it purchased certain property in that city. A few years later, the property adjacent to the complainant's west property line was subdivided and Anderson Street was laid out in this subdivision and dedicate to the public. The bill alleges that this street was opened to the west line of complainant's property and that arrangements had been made to build a road from the cemetery property up to and connecting with Anderson Street. The defendant, in its answer, admits that Anderson Street was platted to the complainant's property line, but denies that the portion sought to be closed was ever opened to said property or used by the public.

In dissolving the injunction and dismissing the bill, the Chancellor held that it was "well settled that a municipality has a right to close streets by ordinance." We concur in this holding. In *State ex rel. Beckham v. Taylor,* 107 Tenn. 455, 64 S.W. 766 (1901), this Court said:

"Authorities are abundant for the proposition that a municipal corporation, being the state's representative, may ordinarily vacate, discontinue, or abandon its easement in a street or part thereof, whenever, by its proper board, found to be unnecessary for public use."

This rule appears to enjoy universal acceptance in this country and has been stated by this Court on numerous

occasions. See *Knoxville Ice & Cold Storage Co. v. City of Knoxville,* 153 Tenn. 536, 284 S.W. 866 (1925).

While recognizing the power of the City of Sweetwater to close the street in question, the complainant intimates that the officials of the city are being used to satisfy the spiteful motives of another property owner in the area. But the complainant does not assign such motives to the officials of the city. In fact, the complainant avers that "the officials of the defendant municipality would not use their official positions for punitive or private purposes."

■ In the absence of an allegation of fraud or a manifest abuse of discretion, courts will not inquire into the motives of municipalities for vacating a municipal street. The rule is stated in 25 Am.Jur., Highways, sec. 120, at page 418:

"The question of the necessity for closing a street or highway, as distinguished from the question of public purpose or use, belongs exclusively to the legislative department of the government. So, it is within the province of the public authorities in whom the power to vacate is vested to determine when it shall be exercised, and their action in this regard will not be reviewed by the courts in the absence of fraud or a manifest abuse of discretion. The court cannot control or revise such decision on the ground of inexpediency, injustice, or impropriety. * * *

"Ordinarily, the presumption is that a street or highway was vacated in the interest of the public and that its vacation was necessary for public purposes, and the burden of showing to the contrary will be put upon the persons who object to the proceeding."

Substantially the same quotation is to be found in *Knoxville Ice & Cold Storage Co. v. City of Knoxville,* supra.

 The complainant earnestly argues that it and other property owners in the area should have been given notice of the pendency of the ordinance vacating the street. As far as we can determine, notice is not required by any statute of this State or by the charter of the City of Sweetwater; and in the absence of such a requirement, notice of the pendency of an ordinance is not necessary to its enactment. McQuillin, Municipal Corporations (3rd Ed.) sec. 16.76, and cases cited therein.

In *Davis v. City of Melbourne,* 126 Fla. 282, 170 So. 836 (1936), a state statute authorized municipalities to construct municipal hospitals and to issue revenue certificates or debentures. The statute was silent on whether notice of an ordinance passed pursuant to this statute had to be given. In holding that notice was not required, the court said:

"The objection, that no notice was published of the preliminary ordinance proposing the construction of the hospital and the issuance of revenue debentures, is met by the answer that, in the absence of such a requirement of notice laid down in the statute (of which there is none), no such publication of notice is essential; * * *."

 It is well settled in this State and elsewhere that the destruction or serious impairment of a landowner's right of ingress and egress is a taking of property for which compensation must be paid. *Illinois Central R. Co. v. Moriarity,* 135 Tenn. 446, 186 S.W. 1053

(1916); *Hamilton County v. Rape,* 101 Tenn. 222, 47 S.W. 416 (1898); *State ex rel. Beckham v. Taylor,* supra. Thus if the closing of the northeast end of Anderson Street destroys or seriously impairs complainant's right of ingress and egress, it may bring an action to recover compensation for this taking. See sec. 23-1423, T.C.A., and authorities cited thereunder. Such an action normally is known as reverse condemnation. See also *State ex rel. Moulton v. Williams,* 207 Tenn. 695, 343 S.W.2d 857 (1961). But the complainant cannot enjoin the closing of a street.

In *Knoxville Ice & Cold Storage Co. v. City of Knoxville,* supra, a bill was filed to enjoin the passing of an ordinance closing a street. In dismissing the bill, this Court said:

"There can be no question but that if, in closing McGhee Street, complainants' legal rights are invaded they will have a full and adequate remedy at law * * *."

The Court further noted that:

"A municipal corporation, unlike a *quasi* public corporation, is not, unless so provided by statute, required to make provision for damages when exercising the right of eminent domain, or to pursue the method prescribed by the general statute."

To the same effect is the case of *Wilkey v. Cincinnati, N. O. & T. P. Ry. Co.,* 47 Tenn.App. 556, 340 S.W.2d 256 (1960), where the Court of Appeals pointed out that the State or one of its branches or agencies "has authority to appropriate private property without instituting condemnation proceedings."

Thus it can be seen that while the City of Sweetwater may be guilty of taking the complainant's property when

it closes the northeast end of Anderson Street, it is not required to institute a condemnation suit to do so. If the closing involves a taking for which complainant is entitled to compensation, then the complainant is the one to bring an action as above pointed out under the statute (sec. 23-1423, T.C.A.). But, in any event, the complainant in this case cannot prevent the closing of the street. It results, that we find no error in the order of the Chancellor, and the same is affirmed.