CASH & CARRY LUMBER COMPANY, Inc.*

*v.*

P. R. OLGIATI et al.

385 S.W.2d 115.

(*Knoxville,* September Term, 1964.)

Opinion filed December 11, 1964.

* After complainant filed the original bill, other parties who were interested in keeping Greenwood Avenue open were allowed to intervene on behalf of complainant, but they did not participate in this appeal.

Walter L. Lusk, Chattanooga, for Cash & Carry Lumber Co., Inc.

Witt, Gaither, Abernathy, Caldwell & Wilson, E. K. Meacham, Chattanooga, for P. R. Olgiati, and others.

Mr. Justice Felts, delivered the opinion of the Court.

Appellant Cash & Carry Lumber Company, Inc., filed this bill against P. R. Olgiati, Mayor of Chattanooga, George McInturff, H. P. Dunlap, S. Dean Petersen, and A. L. Bender, comprising the City Commission of Chattanooga, and Tennessee Stove Works, Inc., a Tennessee corporation. Complainant seeks to enjoin defendants from closing Greenwood Avenue between Thirteenth and Fourteenth Streets in the City of Chattanooga.

Complainant operates a place of business on Greenwood Avenue, which runs generally north and south. Two blocks south of Complainant's place of business, Greenwood Avenue intersects Main Street, a thoroughfare running generally east and west. One block south of Complainant's business, Defendant Appellee Tennessee Stove Works, Inc., is situated on both the east and west sides of Greenwood Avenue.

By ordinance, this one block of Greenwood Avenue occupied by Defendant Stove Works was abandoned by action of the Mayor and City Commission of Chattanooga October 2, 1962; since the City did not possess a fee, but only had a right of way for a street, the property reverted to the abutting property owner, Defendant Stove Works.

Complainant sought to have the ordinance declared void and the Defendant Stove Works enjoined from obstructing the street. The bill, as amended, in substance alleged the following:

(1) That defendant Stove Works unlawfully used Greenwood Avenue as a storage place, which obstructed the sidewalks and created blind corners, making the area unsafe and hazardous;

(2) That defendant Stove Works unlawfully operated unlicensed motor vehicles along and across Greenwood Avenue, impeding the use of the street;

(3) That defendant Stove Works unlawfully paved concrete strips across Greenwood Avenue for use of its vehicles; and

(4) That the defendant Mayor and Board of Commissioners did nothing to prevent or curtail this hazardous situation from developing.

Complainant then alleged:

"That the said Mayor and Board of Commissioners sent representatives to said area to make traffic counts and studies in plain view of the illegal use of the street. That their determination that the area was hazardous and unsafe for public travel was based upon an artificial and illegal condition created by the defendant Tennessee Stove Works and acquisced [sic] in by the defendants Mayor and Board of Commissioners.

"That the enactment of an ordinance having the effect of diverting a public street to a private purpose, based upon an artificial condition illegally created by the private party benefiting, and condoned by public representatives, constitutes a fraud or gross abuse of discretion which damages the complainants by greatly depreciating the value of their property and completely destroying their easement of way in the street."

The defendants had demurred on the ground, among others, that the bill does not allege any facts showing fraud, abuse of discretion, or irreparable injury; and that complainant has an adequate remedy at law. Chancellor Clifford Curry ordered the demurrer to stand to the amended bill.

The Chancellor sustained the demurrer, held that an injunction would not lie to enjoin the closing of a street, dissolved the preliminary injunction theretofore granted, and dismissed the bill, stating that: "Both the complainant and the intervening petitioners must necessarily be left to exercise their unquestioned right of suing the City of Chattanooga for any damages which they may be able

to prove by reason of the closing of that portion of Greenwood Avenue and its abandonment as a city street.''

Complainant has appealed to this Court and assigned as error, among other things, that courts will inquire into the motives of municipalities for vacating a street when fraud or manifest abuse of discretion is alleged, and that, therefore, the Chancellor erred in sustaining the demurrer.

█ The latest case on the subject, on which the Chancellor relied, is *Sweetwater Valley Mem. Park v. City of Sweetwater*, 213 Tenn. 1, 372 S.W.2d 168 (1963). There, a bill was filed to enjoin the closing of the end of a street in the City of Sweetwater. This Court, in an opinion by Chief Justice Burnett, held that ''In the absence of an allegation of fraud or a manifest abuse of discretion, courts will not inquire into the motives of municipalities for vacating a municipal street.'' This rule is, therefore, well settled.

██ In considering whether a demurrer should have been sustained, we are cognizant that the allegations in a bill of complaint should be viewed in a light most favorable to complainant. *Williams v. McElhaney*, 203 Tenn. 602, 610, 315 S.W.2d 106 (1958). For these purposes, a demurrer admits the truth of facts well stated in the bill and relevant inferences of fact deducible from these alleged facts. *Williams v. McElhaney*, supra, at 607 of 203 Tenn., 315 S.W.2d 106.

██ However, conclusions of the pleader, which have no foundation in fact or allegations of facts, are not admitted by demurrer to be true. *Bricker v. Sims*, 195 Tenn. 361, 366, 259 S.W.2d 661 (1953); 1 Gibson's Suits in Chancery (5th Ed. 1955), sec. 311 at page 351. There-

fore, we must look to the bill, as amended, and determine whether, in the most favorable light, the facts alleged are sufficient to show fraud or a manifest abuse of discretion.

(1) Fraud. It is clear that the bill does not allege facts sufficient to make out a case of fraud. None of the officials here involved have been charged in the bill with acts showing falsity, concealment, deceit, or perversion of the truth.

(2) Manifest Abuse of Discretion. Nor do we think facts showing a manifest abuse of discretion are alleged. The strongest construction of the facts alleged is that the hazardous street conditions were brought about by the acts of defendant Stove Works and that the defendant public officials were remiss in curtailing the hazardous activity. However, the action of the defendants in closing the street and abandoning same is the subject of the inquiry.

The bill itself alleges that the closing of the street was prompted only after a study was made of the hazardous conditions existing by virtue of the fact that the defendant Stove Works occupied property on both sides of the street and that the traffic across the street incident to the commercial activity made travel dangerous in any direction.

To reach complainant's property, it is apparent that some convenience will be sacrificed. No longer will complainant have a direct access of a distance of two blocks south to Main Street. Instead, travelers will be forced to go over one block east or west and then down, increasing the distance to Main Street at most one block. However, there is no allegation that reasonable egress and ingress will be destroyed.

■ The fact that the land will revert to the abutting property owner, defendant Stove Works, and that thus a private entity will benefit, does not, in itself, show an abuse of discretion or fraud. *Knoxville Ice & Cold Storage Co. v. Knoxville,* 153 Tenn. 536, 572, 284 S.W.2d 866 (1925). " 'But the motives which induce municipal proceedings of this kind are always of a mixed character. Regard for private interests are necessarily intertwined with public interests.' " 153 Tenn. 574, 284 S.W.2d 876.

*Wilkey v. Cincinnati, N. O. & T. P. Railroad Co.,* 47 Tenn.App. 556, 340 S.W. 2d 256 (1960), cited by appellants for the proposition that no remedy at law exists, is readily distinguishable and is not controlling. In the Wilkey case, the municipal government had failed to close the grade crossing by ordinance, and the Court of Appeals held that there had been no exercise of eminent domain, and that no damages would be recoverable; therefore, an injunction was the proper remedy.

■ In the instant case, the proper municipal authority has by ordinance abandoned the street in question. If complainant's property has thereby been taken, the remedy is at law in an action for compensation. *Sweetwater Valley Mem. Park v. Sweetwater,* supra, 213 Tenn. at 6, 372 S.W.2d at 170.

Since the facts alleged are insufficient to show fraud or a manifest abuse of discretion, we think that the Chancellor properly refused to inquire further into the motives of the municipal authorities, and that the injunction was properly denied.

All of the assignments of error are overruled; the judgment of the Chancellor dismissing the bill is affirmed, with costs adjudged against appellant.