T. G. Graham et ux.

*v.*

Hamilton County.

450 S.W.2d 571.

(*Knoxville,* September Term, 1969)

Opinion filed December 30, 1969.

S. Del Fuston, Chattanooga, for petitioners, King & Fuston, Chattanooga, of counsel.

David M. Pack, Attorney General, Lurton Goodpasture, Assistant Attorney General, Nashville, Robert C. Hunt, Chattanooga, for respondent.

Mr. Special Justice Erby L. Jenkins delivered the opinion of the Court.

This suit involves an inverse condemnation action which was brought in the Circuit Court of Hamilton County, Tennessee. The trial court sustained defendant Hamilton County's plea in abatement and dismissed the action. The Court of Appeals, Eastern Section, reversed the trial court and remanded the case for trial on the

merits. Certiorari was granted by this Court upon petition filed by Hamilton County.

The plaintiffs are residents of Georgia and own land there, which is located about one-third mile South of the Tennessee-Georgia state line. Their property fronts on Windy Gap Road. The road extends across the state line into Hamilton County where it intersects with Highway 134, leading to Chattanooga and other points. An interstate highway was constructed by Tennessee just South of and running parallel with Highway 134. In the process of completing I-24, Windy Gap Road was closed at a point approximately one-fourth mile inside Tennessee and before it joined with Highway 134. Consequently, the abutting landowners along Windy Gap Road have no egress or ingress to their property.

The plaintiffs instituted suit in Hamilton County and asked for damages in the amount of $30,000.00 as a result of the closing of Windy Gap Road.

T.C.A. Section 54-2005 stipulates that: ''Any abutting property owner claiming damages by virtue of the closing of any street or road on which his property abuts shall have a right of action as provided by Section 23-1423.'' Section 23-1423 provides: ''* * * the owner of * * * land * * * may sue for damages in the ordinary way * * *.''

The issue on appeal is whether an inverse condemnation action to recover damages to Georgia realty due to the closing of a road within Tennessee may be maintained in the Tennessee courts.

The defendant asserts that under T.C.A. Section 23-1423 venue is limited to the county where the land has its

situs, and since plaintiffs' land is in Georgia no action for the taking can be maintained in the Tennessee courts. We are unable to agree with this proposition. To so hold would work a grave injustice to the Georgia landowners, for if their cause of action is not maintainable in the Tennessee courts then they will be precluded from any recovery.

In its brief the defendant conceded that the plaintiffs had an easement or right of ingress and egress over Windy Gap Road. It has been held that when such a right of ingress or egress is destroyed or impaired there was a "taking" of property for which compensation must be paid to the landowner. *Sweetwater Valley Memorial Park, Inc. v. City of Sweetwater* (1963), 213 Tenn. 1, 372 S.W.2d 168; *Illinois Central R. Co. v. Moriarity* (1916), 135 Tenn. 446, 186 S.W. 1053. No physical entry upon the land is necessary; all that is required is the interruption of ingress or egress. *Jones et al. v. Cocke County* (1967), 57 Tenn.App. 496, 420 S.W.2d 587.

When Windy Gap Road was severed within Tennessee, this constituted a destruction or, at the least, an interruption of plaintiffs' right of ingress and egress. Thus, there was a "taking of property," *Sweetwater Memorial Park,* supra; and since the "taking" occurred in Hamilton County, Tennessee, it was proper for plaintiffs to institute reverse condemnation proceedings in the Circuit Court of that county.

The defendant argues that any easement which plaintiffs had could extend no further than the artificial boundary line between Georgia and Tennessee. Consequently, there could be no "taking" of property within

Tennessee. We find such a contention without any merit whatsoever.

There is yet a second basis for sustaining the plaintiffs' right to maintain this action in the Circuit Court of Hamilton County. *McCormick v. Brown* (1956), 201 Tenn. 166, 297 S.W.2d 91, enunciated the general rule that a Tennessee court has no jurisdiction over an action for injury to realty located in Georgia when the cause of the injury also occurred there. However, that case also recognized the exception of this rule "where the act * * * which caused the injury did not occur in the state or county where the real property is situated." Whatever injury plaintiffs' land might have suffered in this case was caused by the closing of Windy Gap Road in Tennessee. Since this was an act occurring in a state other than that in which the property is located, this case necessarily falls within the exception to the general rule.

■ Defendant asserts, however, that the above referred-to exception applies only in a case where the damage to realty is due to some negligent act or the maintenance of a nuisance and does not apply in a case involving an interest in or title to land. See *Ducktown Sulphur, Copper & Iron Co., Limited v. Barnes et al.* (1900), Tenn., 60 S.W. 593. In effect, the defendant is contending that a condemnation action necessarily involves title to land and is therefore distinguishable from any case involving damages due to a negligent act or nuisance. But any attempt to distinguish such cases must be based on very tenuous grounds. In both condemnation cases and those involving injuries due to some negligent act or nuisance there is damage to the freehold. Admittedly, the damage in the former situation might be

much more nebulous than that involved in the latter case; but, nevertheless, there is some form of damage. It really serves no purpose to attempt to distinguish between damage done by condemnation and that done by negligence or nuisance. In both instances there is a diminution in the value of the land; and the recovery of such loss is the relief sought.

■ For these reasons and due to the fact that the traditional rule, that an action for injuries to realty is localized in the county where the realty is found, is based on only technical reasons or reasons of private convenience, *Piercy v. Johnson City* (1914), 130 Tenn. 231, 169 S.W. 765, L.R.A.1915F, 1029, and therefore should not be arbitrarily enforced, we must affirm the judgment of the Court of Appeals and remand the case to the Circuit Court for a trial on the merits. The costs of the appeal are to be taxed against Hamilton County.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and BOZEMAN, SPECIAL JUSTICE, concur.

McCANLESS, JUSTICE, not participating.