# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

PHILLIP E. HALL, )
                          )
       Petitioner/Appellant, )
                          )
vs. )
                          )
                          )
COMMISSIONER DONAL CAMPBELL, )
et al, )
                          )
       Respondents/Appellees. )
                          )
                          )
                          )
                          )
                          )
                          )
                          )
                          )

From the Lauderdale Co. Circuit Court
at Ripley, Tennessee

The Hon. Joseph H. Walker, Judge

Trial Court No. 4934
Appeal No. 02A01-9801-CV-00015

**AFFIRMED**

**FILED**

**June 16, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**Phillip E. Hall, pro se**
Henning, Tennessee

**JOHN KNOX WALKUP**
**Attorney General & Reporter**
**KIMBERLY J. DEAN**
**Assistant Attorney General**
Nashville, Tennessee
Attorney for Appellees

---

## MEMORANDUM OPINION[1]

---

*HIGHERS, J.*

      This case involves a petition for writ of certiorari filed by a state prisoner in the chancery court sitting at Lauderdale County. Appellant/prisoner, Phillip E. Hall ("Hall"), challenges the outcome of a disciplinary proceeding brought against him. The trial court dismissed the suit by order entered on December 1, 1997, finding that appellant had failed to file his petition for writ of certiorari within the sixty day period required by Tenn. Code Ann. § 27-9-102, and that he had failed to file his petition for writ of certiorari in Davidson County.

      Hall is an inmate in the custody of the Tennessee Department of Correction at the West Tennessee High Security Facility. He was housed at the Cold Creek Correctional Facility in Henning, Tennessee, at the time this petition was filed. In his petition for writ of

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

certiorari, Hall listed the following as defendants in this matter: State of Tennessee; Commissioner of Correction, Donal Campbell; Assistant Commissioner, Charles Bass; former warden of Cold Creek Correctional Facility, Jimmy Harrison; Correctional Sergeants, Aaron Malone and Kenneth Carroll; Correctional Corporals, John Cole and Bettye Kirkpatrick; Correctional Teacher, Larry Higgins; Secretary, Patricia Anderson; Property Officer, Ray Heath; Correctional Counselor, Mary Kissell; Building Maintenance Worker, Jerry King; and Aegis Analytical Laboratories, Inc.

On October 14, 1996, appellee Kirkpatrick had a suspicion that Hall was smoking marijuana. Appellees Kirkpatrick and Malone conducted a "reasonable suspicion drug screen" and forwarded the results to Aegis Laboratory. The test performed by Aegis resulted in incriminating evidence against Hall. On November 18, 1996, appellees Cole, Heath, and King held a "Reasonable Suspicion Hearing." Four days later appellees Cole, Anderson, and Higgins held a disciplinary hearing which Hall contends denied his due process rights to call witnesses, present evidence on his own behalf, and have his case heard by an impartial tribunal. At this hearing, Hall was found guilty. On December 4, 1996, Hall filed an appeal to Warden Harrison. Thereafter, on December 6, the appeal was denied. On December 17, Hall filed an appeal to Commissioners Campbell and Bass. This appeal was denied on January 9, 1997.

A few days later, Hall contends that appellee Malone conducted a "random drug screen" and insisted that Hall sign the collection sheet. When Hall refused to sign, appellee Malone cited him for the prison disciplinary offense of "refusing a drug screen." Thereafter, on January 21, 1997, appellees Cole, Heath, and Kissell held a disciplinary hearing and found Hall guilty of refusing a drug screen.

According to affidavit of Herman S. Phillips, due to his case load and other responsibilities as resident inmate advisor, he inadvertently failed to file Hall's appeal concerning this matter. Apparently, no appeal was filed.

2

Hall filed his petition for writ of certiorari on April 17, 1997. On June 9 of that same year, appellees moved that the petition be dismissed pursuant to Tenn. R. Civ. P. 12.02 for failure to state a claim upon which relief can be granted and for improper venue. Appellee Aegis filed an answer on May 7, 1997. Hall filed a motion for judgment of default as to appellee Aegis Analytical Laboratories on July 30, 1997. Hall also filed a memorandum in opposition to appellees' motion to dismiss. On December 1, 1997, the trial court ruled, granting appellees' motion to dismiss on two grounds: (1) the failure of Hall to file his petition for writ of certiorari within the sixty day time limit set forth in Tenn. Code Ann. § 27-9-102 and (2) his failure to file his petition in Davidson County rather than in Lauderdale County. Thereafter, Hall filed his notice appeal on January 14, 1997.

After the trial court's December 1, 1997, order dismissing his petition, Hall had until December 31, 1997 to file his notice of appeal with this Court. Tenn. R. App. P. 4(a). Hall's notice of appeal, however, was not filed until January 14, 1998 thereby rendering this Court without jurisdiction to hear the matter.

We are aware of Hall's contention that the Lauderdale County Circuit Court Clerk failed to notify him of the trial court's final judgment until the first week of January 1998. This is evidenced by the court clerk's letter to Hall postmarked "Jan. 5." This, however, is unavailing. Hall could have pursued other remedies upon his untimely receipt of notice of the trial court's order of dismissal. Upon the court clerk's failure to notify Hall within 30 days of the trial court's final judgment, Hall could have filed a Tenn. R. Civ. P. 60.02 motion before the trial court seeking relief from the trial court's order of dismissal. Tenn. R. Civ. P. 60.02; *see Tate v. County of Monroe*, 578 S.W.2d 642 (Tenn. Ct. App. 1978). By his failure to take remedial action, however, Hall has tied the jurisdictional hands of this Court.

Accordingly, we affirm the judgment of the trial court dismissing Hall's petition for writ of certiorari. Costs of this appeal are taxed to Hall, for which execution may issue if

3

necessary.

_____HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
LILLARD, J.

4