IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, May 22, 2003

## JOSEPH W. HOUSTON, ET AL. v. CHARLES D. MOUNGER, ET AL.

**Appeal from the Chancery Court for Roane County**
**No. 13,335     Frank V. Williams, III, Chancellor**

### FILED OCTOBER 23, 2003

### No. E2002-00779-COA-R3-CV

---

After judgment was entered, certain inaccuracies, deemed to be clerical errors in an engineering survey of extensive properties, were discovered which were resolved by the trial court following hearings, and the judgment was corrected or amended over the appellant's objections. This appeal followed, but no transcript of the proceedings was filed, and the appellant's purported Statement of the Evidence did not receive the approbation of the Chancellor. Consequently, the appellant court must assume that the evidence was sufficient to support the judgment, and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Charles D. Mounger, Kingston, Tennessee, Pro Se.

John W. Cleveland, Sweetwater, Tennessee, for appellees, Joseph Houston and Joyce Houston.

Jimmie D. Turner, Oliver Springs, Tennessee, for appellees, Jimmie D. Turner, Weldon Webb, Harvey Lowe and Edith Lowe.

### OPINION

### I.

This is a boundary line case. Following two days of testimony with a hundred or more exhibits, the Chancellor found that a fence memorialized the eastern boundary of the Houston property within the northern boundary passing through a spring. The Chancellor ordered a survey of these lines, the corners and distances to be incorporated in the final decree. After the decree was drafted, one of the courses was stricken and a reverse call was interlined, apparently in good faith, but nevertheless incorrectly. The correct call "S. 22 deg. 10 min. 13 sec. E. 386.55 ft." was lined out,

and "S. 23 deg. 04 min. 45 sec. E. 383.59 feet" was erroneously substituted. The decree was entered in October, 2000.

The defendants, here appellants, filed a motion to enforce the final decree and for the appointment of a Special Master, alleging that a plat recorded by Houston after entry of the final decree did not conform to the decretal description and therefore was a cloud on the defendant's title, and that "the finality that the court and the parties sought . . . still eludes us." The defendants moved the court to appoint another surveyor as Special Master to prepare a plat that conformed to the final decree.

This motion was heard February 11, 2002, and the final decree was corrected as follows: The boundary line in question as shown on the recorded plat was declared to be correct, and the final decree was conformed to the plat, with the 'gloss' manuscripted by the defendant's attorney ordered to be stricken.[1]

The defendants appeal, insisting that the Chancellor had no jurisdiction to amend or modify or clarify the decree which was entered twenty months earlier. This insistence is somewhat at odds with their motion to enforce the judgment which, in effect, actuated the post-judgment proceeding the appellants now complain of.

## II.

Under Rule 59.04, Tenn. R. Civ. P., a motion to alter or amend a judgment is required to be filed and served within thirty days after the entry of the judgment. Under Rule 60.02, relief from a final judgment may be awarded for, *inter alia*, mistake or inadvertence, if a motion is filed within one year after judgment. Since the post-judgment pleading was filed more than one year after judgment was entered, neither of these Rules is applicable.

But Rule 60.01 provides that clerical mistakes in judgments may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. The Chancellor found that the error in question was clerical in nature, essentially occasioned by the appellants' counsel in mistakenly obliterating the correct call and substituting an incorrect call thereby disjoining the boundary. An independent surveyor testified concerning the inconsistency *between the Memorandum Opinion and the final decree*, and the Chancellor thereupon corrected the error.

But if the error complained of cannot be labeled as a clerical one, Rule 60.02 "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding," and we are not aware of any authority which disallows the procedure employed by these

---

[1] Whether this "gloss" was manuscripted before or after the decree was signed by the Chancellor does not appear.

parties, concurred in by the Chancellor, as an independent action. *See, Jenkins v. McKinney,* 533 S.W.2d 275 (Tenn. 1996); *Tate v. County of Monroe*, 578 S.W.2d 642, (Tenn. Ct. App. 1978).

## III.

A resolution on the merits of this lawsuit is beyond appellate reach because of the failure of the appellant timely to file an appropriate record of the proceedings in the trial court.

Rule 24(c), Tenn. R. App. P., provides as pertinent here:

> (c) Statement of the Evidence When No Report, Recital, or Transcript Is Available. If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the basis of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. . . .

The appellant filed his notice of appeal on March 28, 2002, followed by the filing of a purported statement of the evidence on August 21, 2002.

On October 1, 2002, the trial judge entered an order that

> [T]he proposed Statement of Evidence and Proceedings Under Rule 24(c) does not represent a fair, accurate, and complete account of what transpired in the sense that the proposed statement does not contain even a narrative account of the evidence, much less a substantially verbatim recital of the evidence.

We particularly notice, that in the post-judgment proceeding, initiated by the appellants, oral testimony was adduced.

It is the settled duty of the appellant to comply with Rule 24(c) to the end that we are assured of a transcript of the proceedings or a statement of the evidence which conveys a fair, accurate and complete account of what transpired in the trial court. *Nickas v. Capadalis*, 954 S.W.2d 735 (Tenn. Ct. App. 1997); *State v. Boling*, 840 S.W.2d 944 (Tenn. Crim. App. 1992). In default of this

requirement, the appellate court must assume the sufficiency of the evidence to support the judgment. ***Sherrod v. Wix***, 849 S.W.2d 780 (Tenn. Ct. App. 1992).

The judgment of the trial court is affirmed and the appeal is dismissed. Costs are assessed to the appellant, Charles D. Mounger.

_____
WILLIAM H. INMAN, SENIOR JUDGE