FILED

05/11/2017

Clerk of the
Appellate Courts



# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
April 25, 2017 Session

## CHASE HOME FINANCE, LLC v. JO ANN STREET

**Appeal from the Circuit Court for Shelby County**
**No. CT-004089-10  Gina C. Higgins, Judge**

_____

### No. W2016-01026-COA-R3-CV

_____

Appellant appeals from the trial court's decision granting a judgment of possession to the Appellee bank. Because of profound deficiencies in Appellant's brief, we hold that her arguments are waived. Accordingly, the trial court's judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which RICHARD H. DINKINS, and KENNY ARMSTRONG, JJ., joined.

Jo Ann Street, Memphis, Tennessee, Pro se.

Jerry Morgan, Brentwood, Tennessee, for the appellee, Chase Home Finance, LLC.

## MEMORANDUM OPINION[1]

### Background

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10

This is the second appeal of this case and a full recitation of the facts may be found in *Chase Manhattan Mortg. Corp. v. Street*, No. W2007-02553-COA-R3-CV, 2010 WL 1462544 (Tenn. Ct. App. Apr. 14, 2010) ("*Chase I*"). The issue in both cases concerns property purchased by Ida B. Street ("Ms. Street") and secured by a deed of trust. The deed of trust was eventually acquired by Chase Manhattan Mortgage Corporation ("Chase Manhattan"). *Id.* at *1. Ms. Street participated in two bankruptcy actions after her purchase of the property, one finalized in 1998 and another finalized in 2003. At the conclusion of the 2003 bankruptcy, Ms. Street's debts were discharged. *Id.* Despite these discharges, Ms. Street's debt owed under the deed of trust had not been paid. *Id.* at *2. On December 24, 2003, a prior owner of the deed of trust erroneously "recorded releases of the deed of trust with the Office of the Register of Shelby County, Tennessee." *Id.* at *1.

On August 4, 2004, Chase Manhattan filed suit against Ms. Street to set aside the releases, for the releases to be rescinded, and for the deed of trust to be reinstated. In support, Chase Manhattan alleged that the bank that recorded the releases was not the current owner of the deed of trust and, in fact, had not actually owned the deed of trust in over twelve years. *Id.* at *1–2. The trial court thereafter granted summary judgment to Chase Manhattan, set aside the releases, and reinstated the deed of trust. While Ms. Street's appeal was pending, she passed away and Defendant/Appellant Jo Ann Street ("Appellant") was substituted.[2] *Id.* at *1. This Court ultimately affirmed the trial court's grant of summary judgment allowing the releases to be rescinded. *Id.* at *2–4. Among other issues, the Court of Appeals specifically ruled that Chase Manhattan was the proper owner of the deed of trust and that Ms. Street's debt under the note had not been paid. *Id.* at *2. Finally, the Court noted that Ms. Street's bankruptcy did not prevent Chase Manhattan from foreclosing on the subject property. *Id.*

In the meantime, on March 28, 2008, a foreclosure sale of the property took place and the property was sold to Defendant/Appellee Chase Home Finance, LLC ("Chase"). Immediately following the issuance of *Chase I*, Chase filed a detainer warrant action against Appellant on April 30, 2010. Judgment of possession was eventually awarded to Chase on August 10, 2010. Appellant thereafter appealed to the Shelby County Circuit Court ("the trial court").

The proceedings in the trial court spanned numerous filings and several years. At some point, Appellant filed a motion for summary judgment, which was denied by the trial court on January 7, 2013, after the trial court ruled that issues of material fact remained in dispute. A trial on this cause occurred in April 2014.[3] During the hearing, the trial court granted the parties a continuance to allow Appellant to present proof that the

---

[2] Appellant is Ms. Street's daughter.
[3] No transcript or statement of the evidence from the trial or any of the other hearings conducted in this case is included in the record on appeal.

loan had been fully paid. After multiple continuances to give Appellant an opportunity to file an affidavit in support of her allegations, the trial court set the matter for a final hearing on November 20, 2015. On November 19, 2015, Appellant, by and through her counsel, filed a document entitled "Affidavit of Accounting." The document, however, was not an affidavit, but merely a pleading that contained no proof. At the November 20, 2015 hearing, the trial court gave Appellant and her counsel until November 30, 2015 to provide the proffered proof. Another hearing was therefore set for December 2, 2015. On December 1, 2015, and again at the December 2, 2015 hearing, Appellant's counsel notified the trial court that there were no documents to support Appellant's contention regarding the additional payments made on the property after the 2003 bankruptcy.

The trial court therefore eventually ruled in favor of Chase by final order of January 8, 2016. The trial court held that Chase had standing to foreclose the loan, that Ms. Street's bankruptcy did not discharge her debt, and that despite multiple opportunities and continuances, there was no evidence of payments made on the loan after the 2003 bankruptcy. As a result, the trial court ruled that Appellant was in unlawful possession of the property and therefore granted possession of the property to Chase. Appellant filed several unsuccessful post-trial motions and now appeals to this Court.[4]

**Issues Presented**

Appellant raises a number of issues in her brief, which we restate largely verbatim here:

1. Whether the trial court did err in GRANTING a judgment in favor of Chase Home Finance and giving them possession of [Appellant's] primary residence that she shared with the heirs of the late Ida B. Street, who died intestate, Probate Case No.: D-6489, as a matter of law?
    Can Chase claim to have foreclosed, but present no record of foreclosure after none was found in the county record; and present to the trial court an affidavit of debt from Beth Cottrell, an admitted robo-signer, and an unrecorded trustee's deed stating that [Ms.] Street was the grantor and that the Secretary of Housing of Urban Development ("HUD") was the grantee. HUD submitted a statement that the unpaid balance was $0.00 and the maturity date of the loan was March 2011. The preponderance of the evidence does not support the assertion by Chase they are the owner of the residence.
2. Did the court err when it failed to rule on the Motion for Summary Judgment, pursuant to rule 56 of the Tennessee Rules of Civil Procedure 52.01 in stating the reason for her decision? In addition the plaintiff

---

[4] Appellant's trial counsel was suspended by the Board of Professional Responsibility as of December 6, 2015. As such, Appellant appeared pro se after this date and in this appeal.

refused and failed to respond to discovery requests as stated in defendant's Response by Defendant, [Appellant], to Motion to Withdraw filed by Kenneth Besser, Esq. As a matter of law, [Appellant] was entitled to a ruling on her Motion for Summary Judgment.

3. Did the trial court err in entertaining testimony concerning payment of the loan made and entered into by and between the late [Ms.] Street, borrower and National Bank of Commerce, N.A., the lender, accounting; and, did the trial court err in denying [Appellant] a continuance when Attorney Michael Leon Harris faced an impending suspension of his license? The trial court rather decided against [Appellant] when Attorney Harris announced he had lost the file at the hearing on December 2, 201[5]. [Appellant] is alleging ineffective assistance of counsel.

4. Did the trial court err in causing the writ of possession to be issued when the issue was being decided in the Court of Appeals in Jackson and did the trial court have jurisdiction to dissolve the stay that the Court of Appeals, a higher court, was determining the outcome?[ ] Were the actions of the trial court and/or the attorneys for plaintiff in contempt by not waiting for the decision of the appeals court?

Could the trial impose a rent without their first being an agreement and there first being finality and proof of ownership as in T.C.A. 66-28-101-105 of the Uniform Residential and Tenant Act?

A person must be the bonafide purchaser and have the title to the property to be able to rent the property, collect rent and evict tenants. Without papers we do not know who they are nor what they are: servicers, I think but there is no transfer from Troy & Nichols; not the holders of the Note, not the investor. They are possibly volunteers. They do not have standing until they say in writing their role.

5. Did the trial court err when it certified the judgment as a final judgment under Tennessee Rules of Civil Procedure 54.02?

Until the findings and conclusions, as well as, other facts are litigated and made clear, this is not a final judgment and can be appealed.

In the posture of appellee, Chase argues that this appeal should be dismissed for Appellant's failure to comply with the briefing requirements of this Court.

## Discussion

At the outset, we note that Appellant appears before this Court pro se, as she did in the trial court post-remand of this case. The law is well-settled in Tennessee that pro se litigants must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). We keep these principles in mind in considering this appeal, specifically with regard to the deficiencies in Appellant's appellate brief.

On appeal, Chase argues that this Court should dismiss Appellant's appeal due to her failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 of the Tennessee Rules of Appellate Procedure provides, in relevant part:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> * * *
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> * * *
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27. Further, Rule 6 of the Rules of the Court of Appeals of Tennessee provides, in relevant part:

(a) Written argument in regard to each issue on appeal shall contain:
(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

R. Tenn. Ct. App. 6.

Despite the explicit mandates of Rule 27 and Rule 6, Appellant's brief is rife with deficiencies. Prominent among the deficiencies include the following: (1) a very minimal table of authorities with no references to the page in the brief where the authorities are cited; and (2) statements of the case and the facts containing no citations to the voluminous record on appeal. However, the most glaring deficiency in Appellant's brief is the fact that Appellant provides nothing more than a skeletal argument concerning the issues she has raised on appeal.

"Parties must thoroughly brief the issues they expect the appellate court to consider." **Waters v. Farr**, 291 S.W.3d 873, 919 (Tenn. 2009). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." **Sneed v. Bd. of Prof'l Responsibility of Sup.Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010). "An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." **Hodge v. Craig**, 382 S.W.3d 325, 335 (Tenn. 2012) (citing **Baugh v. Novak**, 340 S.W.3d 372, 381 (Tenn. 2011); **Sneed**, 301 S.W.3d at 615). "'Courts have routinely held that the failure . . . to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.'" **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting **Bean v. Bean**, 40 S.W.3d 52, 55–56 (Tenn. Ct. App. 2000)); *see also* **Tellico Village Prop. Owners Ass'n, Inc. v. Health Solutions, LLC**, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (quoting **Hawkins v. Hart**, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001)) ("'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'").

Here, Appellant's statement of the issues raises various questions regarding the substantive merits of the action, including Chase's ability to foreclose on the property, the trial court's denial of a summary judgment motion and alleged failure to make proper findings, the trial court's rulings with regard to the admissibility of testimony, the trial court's denial of continuances, ineffective assistance of counsel, contempt, rent, and issues regarding bona fide purchasers. Only one of these issues, however, is actually argued in the body of Appellants' brief with citations to relevant authority—the argument that the trial court erred in denying Appellant's motion for summary judgment and in not making appropriate findings of fact and conclusions of law. The other issues presented are either not argued by Appellant in the body of her brief or argued without any citation to the authority. Additionally, even those issues addressed in the body of Appellant's brief are completely unsupported by references to the record on appeal. Finally, we note that this matter was concluded after a trial and numerous hearings. The record on appeal, however, contains no transcript or statement of the evidence heard by the trial court. When no transcript or statement of the evidence is included in the record on appeal, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct. ***J.C. Bradford & Co. v. Martin Constr. Co.***, 576 S.W.2d 586, 587 (Tenn. 1979). Consequently, the issues raised by Appellant in her brief are waived.

Despite the profound deficiencies in Appellants' brief, in an abundance of caution, we will address the issues addressed by Appellant in the body of her brief and supported by relevant authority, namely, whether the trial court erred in denying summary judgment and whether the trial court erred in makings findings of fact and conclusions of law.

Here, Appellant asserts that the trial court "erred when it failed to rule on the motion for summary judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, filed by [Appellant]; and failed to comply with . . . Rule . . . 52.01 in stating the reason for her decision." This decision, however, is not reviewable in this appeal. Here, the trial court denied the motion for summary judgment after ruling that disputed issues of material fact remained; the case therefore proceeded to trial. "Since the trial court's denial of the summary judgment was predicated upon the existence of a genuine issue of fact, that decision is not reviewable where there has been a judgment rendered after a trial on the merits of the case." ***Mullins v. Precision Rubber Prod. Corp.***, 671 S.W.2d 496, 498 (Tenn. Ct. App. 1984) (citing ***Tate v. Monroe Cnty.***, 578 S.W.2d 642, 644 (Tenn. Ct. App. 1978)); *see also* ***Bradford v. City of Clarksville***, 885 S.W.2d 78, 80 (Tenn. Ct. App. 1994) (citing ***Hobson v. First State Bank***, 777 S.W.2d 24, 32 (Tenn. Ct. App. 1989)) ("A trial court's denial of a motion for summary judgment, predicated upon the existence of a genuine issue of material fact, is not reviewable on appeal when a judgment is subsequently rendered after a trial on the merits."). As such, we will not review any issues concerning the trial court's denial of Appellant's motion for summary judgment.

Appellant next asserts that the trial court erred in not making findings of fact and conclusions of law, citing Rule 52.01 of the Tennessee Rules of Procedure. Although Appellant asserts this failure in connection with the trial court's denial of her summary judgment motion, Rule 52.01 is applicable only in "bench trials." *See* Tenn. R. Civ. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."). Indeed, the case cited by Appellant as support for her argument involves a bench trial. *See **In re Estate of Oakley***, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *10 & n.9 (Tenn. Ct. App. Feb. 10, 2015) (expressly noting that the trial court's responsibility to make findings and conclusions in bench trials is "distinguished" from its responsibilities when ruling on a motion for summary judgment). As such, we will construe Appellant's argument as arguing that the trial court failed to make appropriate findings of fact and conclusions of law in its final order following the bench trial.

As an initial matter, we agree with Appellant that Rule 52.01 "clearly mandates that the trial court shall find the facts and shall state separately its conclusions of law in all actions tried upon the facts without a jury." ***Estate of Oakley***, 2015 WL 572747, at *10 (citing ***Lovelace v. Copley***, 418 S.W.3d 1, 34 (Tenn. 2013)). The Tennessee Supreme Court has held that its purpose is to facilitate appellate review by "affording a reviewing court a clear understanding of the basis of a trial court's decision." ***Lovelace***, 418 S.W. at 34 (internal citations omitted). "In the absence of written findings of fact and conclusions of law, 'this court is left to wonder on what basis the court reached its ultimate decision.'" ***Estate of Oakley***, 2015 WL 572747, at *10 (quoting ***In re Christian G.***, No. W2013-02269-COA-R3-JV, 2014 WL 3896003, at *2 (Tenn. Ct. App. Aug. 11, 2014)). "When the trial court fails to make the requisite findings of fact, we can conduct a de novo review of the record to determine where the preponderance of the evidence lies or, in the alternative, remand the case to the trial court with instructions to make the requisite findings of fact and conclusions of law and enter judgment accordingly." ***Estate of Oakley***, 2015 WL 572747, at *12 (citing ***Lovelace***, 418 S.W. at 36). We cannot agree, however, that the trial court's order is deficient in this case.

Here, the trial court's final order disposing of this case spans nine pages. Therein, the trial court details the multiple continuances that were offered to Appellant to allow her to present evidence supporting her contentions. In addition, the trial court's order recounts the factual history in detail that led to both ***Chase I*** and the underlying action. The trial court further noted that Appellant had been unable to produce any evidence to show that payments had been made on the loan after the 2003 bankruptcy. Additionally, the trial court found that the deed of trust conveying the property to Chase was valid and enforceable against Appellant. Finally, the trial court noted:

> This is a simple detainer action. The Court of Appeals has already concluded that the loan was not fully satisfied by the two bankruptcies, and

this [c]ourt cannot overturn that holding. Questions of whether Chase [Manhattan] had the ability to foreclose and take the property were raised in the Chancery Case, and based upon the ruling from the Court of Appeals, Chase [Manhattan] is the owner, and had the ability to proceed with foreclosure.

\* \* \*

As the foreclosure was proper in all respects, title to the [p]roperty was properly vested into [Chase]. [Appellant] is unlawfully detaining the [p]roperty.

Appellant's brief does not explain specifically how the trial court's order fails to comply with Rule 52.01. As such, we hold that the trial court's detailed and thorough order fully complies with Rule 52.01. This issue is therefore, respectfully, without merit.

Based on the foregoing, we affirm the decision of the trial court. Costs of this appeal are taxed to Appellant, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE